**LOUISIANA STATE BOARD OF MEDICAL EXAMINERS, Plaintiff-Appellee,**

v.

**D. C. HOWZE, Defendant-Appellant.**

No. 71–1072

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

June 21, 1971.

Benjamin E. Smith, New Orleans, La., Alvin G. Baham, Gretna, La., Smith & Scheuermann, New Orleans, La., for defendant-appellant.

Edward J. Rice, Jr., Adams & Reese, New Orleans, La., for plaintiff-appellee.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

PER CURIAM:

D. C. Howze brings this matter before us seeking to review an order of the district court granting plaintiff-appellees' motion to remand his case to state court. Finding no appealable order, we dismiss.

Howze is a chiropractor who practices in New Orleans, Louisiana. Pursuant to L.S.A.–R.S. 37:1286 the Louisiana State Board of Medical Examiners brought suit in the Louisiana Civil District Court for the Parish of Orleans, seeking to enjoin him from practicing medicine without a license in violation of L.S.A.–R.S. 37:1270. That court granted a temporary restraining order and set a formal hearing date. Appellant filed a petition for removal, alleging as his jurisdictional ground the "authority of 42 U.S.C. §§ 1981, 1982, and 1983, 28 U.S.C. §§ 1343, 1441, and 1443, as well as Amendments I, V and XIV of the Constitution of the United States." He also counterclaimed, attacking the constitutionality of the Louisiana medical licensing scheme, L.S.A.–R.S. 37:1261 et seq., and asking that a three-judge court be convened. After an adversary hearing, the United States District Court remanded to the Louisiana Civil District Court. It is from that order that petitioner seeks to appeal.

* [1] Rule 18, 5th Cir. See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, 431 F.2d 409, Part I (5th Cir. 1970).

■■ We are without jurisdiction to hear this appeal. 28 U.S.C. §§ 1447(d), 1443. Petitioner is not seeking to enforce a "law providing for the equal civil rights of citizens of the United States" (§ 1443(1)) nor was he acting "under color of authority derived from any law providing for equal rights" (§ 1443(2)). Accordingly, none of the jurisdictional grounds alleged comply with the statutory prerequisites for appeal from an order remanding a removal case to state court. City of Greenwood v. Peacock, 384 U.S. 808, 86 S.Ct. 1800, 16 L.Ed.2d 944 (1966); Georgia v. Rachel, 384 U.S. 780, 86 S.Ct. 1783, 16 L.Ed.2d 925 (1966); C. Wright, Federal Courts 133 (2d Ed.1970). See England v. Louisiana State Bd. of Med. Examiners, 246 F. Supp. 993 (E.D.La.1965) aff'd per curiam 384 U.S. 885, 86 S.Ct. 1924, 16 L.Ed.2d 998 (1966). Additionally, it is not appropriate for the federal judiciary to give independent consideration to appellant's counterclaim until the remanded proceedings are finally resolved in the Louisiana courts. Atlantic Coast Line R. Co. v. Brotherhood of Locomotive Engineers, 398 U.S. 281, 90 S.Ct. 1739, 26 L.Ed.2d 234 (1970); Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971).

Appeal dismissed.