CONTINENTAL INSURANCE COM-
PANIES, Plaintiff,

v.

BAYLESS & ROBERTS, INC., an Alaska
corporation, Defendant.

Civ. No. A–7–73.

United States District Court,
D. Alaska.

Nov. 23, 1973.

Sanford M. Gibbs, Hughes, Thorsness, Lowe, Gantz & Clark, Anchorage, Alaska, for plaintiff.

Warren W. Matthews, Jr., Anchorage, Alaska, for defendant.

MEMORANDUM AND ORDER

von der HEYDT, District Judge.

This matter comes before the court on plaintiff's motion for summary judgment, and on defendants' motion to dismiss.

On January 6, 1971, Marvin Warbelow died as a result of injuries sustained when a paint pot he had been using exploded. His personal representative filed a complaint in the Superior Court for the State of Alaska, Fourth Judicial District, on January 20, 1971. Named in that complaint as defendants were Decora, Inc., the manufacturer, Sears Roebuck & Co., the distributor, and Bayless & Roberts, Inc., the bailor of the paint pot. Bayless & Roberts were insured by the Continental Insurance Co., and were represented by that insurance carrier's attorney, Richard Gantz.

At some point, Mr. Gantz prepared an affidavit for the signature of Robert Roberts, setting forth how Mr. Warbelow obtained possession of the pot. Subsequently, Mr. Roberts' deposition was taken by other parties to that action. At the trial, during his opening state-

ment to the jury, Mr. Gantz summarized Mr. Roberts' expected testimony based on the affidavit. At that juncture it became apparent to the other parties in that action that Mr. Roberts had made false statements in his deposition. As a result, Decora moved to dismiss the cross-claim of Bayless & Roberts, and plaintiff in that action moved to strike all of Bayless & Roberts' defenses and enter judgment on the issue of liability. The trial court dismissed the cross-claim against Decora, but declared a mistrial for unrelated reasons before a ruling could be made on the other sanctions against Bayless & Roberts.

The case was set for a new trial to begin January 2, 1973. On January 9, 1973, during the course of the trial, Continental delivered a letter to Bayless & Roberts offering to continue to defend, but with a reservation of rights to disclaim coverage on the ground that Mr. Roberts willfully failed to cooperate in the defense of the suit by making a false statement in his deposition. On the same date, Edward Niewohner, an attorney retained by Bayless & Roberts, rejected Continental's offer to defend with a reservation of rights, and instructed Continental to either admit coverage and defend the action, or deny coverage and withdraw its attorney from the case. Apparently Continental did neither.

On January 10, 1973, Mr. Niewohner, acting on behalf of Bayless & Roberts, effected a settlement with the plaintiff in that action, apparently without consulting the attorney provided by Continental. On the same day, Mr. Niewohner confessed judgment in open court on behalf of Bayless & Roberts in the amount of $618,000.00.

On January 11, 1973, Continental filed this declaratory judgment action seeking a declaration of this court that Bayless & Roberts breached the cooperation and no-action clauses of the insurance policy; that no coverage exists under the policy; that Continental is not liable for the payment of the $618,000.00 judgment

confessed by Bayless & Roberts; and that Continental did not breach its duty to defend.

On February 14, 1973, 34 days after this declaratory judgment action had been commenced, Bayless & Roberts filed a complaint in the Superior Court for the State of Alaska, Fourth Judicial District. The complaint named Continental and Arthur Stanford, Continental's adjuster, as defendants. In addition to alleging a breach of Continental's duties under the policy, Bayless & Roberts allege negligence by Mr. Stanford in investigating the Warbelow claim and failing to make a settlement offer earlier in the course of the litigation. Although the personal representative of the Warbelow claim is not a formal party to the presently-pending state court action, the personal representative has expressly declared in this action that she will be bound by any judgment rendered in the state court action.

In the instant action, the filing of the motion for summary judgment preceded the filing of the motion to dismiss. However, the Court first will consider the motion to dismiss, since to grant that motion would render moot the motion for summary judgment.

The thrust of defendant's motion to dismiss is that this court, in the exercise of sound discretion, ought to withhold its power to grant relief under the Declaratory Judgment Act, 28 U.S.C. § 2201, and permit the disputed issues to be resolved in the state court system.

The Declaratory Judgment Act provides that "in a case of action controversy within its jurisdiction" this court "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."

A scholarly discussion of the criteria to be considered by a federal court in determining whether to exercise its power in a declaratory judgment action is set forth in McGraw–Edison Co. v. Preformed Line Products Co., 362 F.2d 339

(9th Cir. 1966). The opinion in that case cited with approval the language found in Yellow Cab Co. v. City of Chicago, 186 F.2d 946, 950–951 (7th Cir. 1951):

> "The discretion of a court to entertain a suit for declaratory judgment is · a 'judicial discretion' which must find its basis in sound reason * * * and jurisdiction is not to be declined merely because of the existence of another adequate legal remedy * * * or even because of the ' pendency of another suit, if the controversy between the parties is such that it will not necessarily be determined therein * * *. It is well settled, however, that a declaratory judgment may be refused where it would serve no useful purpose * * * or would not finally determine the rights of the parties * * * or where it is being sought merely to determine issues which are involved in a case already pending and can be properly disposed of therein * * * especially if the issue is one involving a novel question of state law * * * or is, for any other reason, one that can better be adjudicated in another court * * *. Nor should declaratory relief be granted where it would result in piecemeal trials of the various controversies presented or in the trial of a particular issue without resolving the entire controversy * * *." (Citations omitted as indicated by asterisks).

The court in *McGraw* also considered Professor Moore's emphasis on the multiplicity of litigation as a factor to be considered by a court in refusing declaratory relief:

> "The maintenance of separate actions involving the same issues should be discouraged. Where a declaratory action presents issues which would necessarily be settled by another pending state or federal action, the court should weigh the relative merits of each of the two actions *as of the time of the hearing on the motion to dismiss*. The decision on the motion to dismiss should be determined in the light of the purpose of the Act, and by the same principles that normally govern the exercise of judicial discretion in this field—whether a declaratory judgment would serve a useful purpose 'in clarifying and settling the ' legal relations in issue,' and whether it would 'terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding.'" 6 Moore, Federal Practice § 57.08 [6], at 3042 (2d ed. 1965).

■ At the outset the court notes that it is not controlling that the presently-pending state court action was filed a month after this declaratory judgment action. Firemen's Insur. Co. v. Riley, 322 F.Supp. 349 (W.D.Ky.1971). To permit a contrary result would encourage a race to the state and federal courthouses, an event which apparently occurred in the instant matter.

■ Applying the discretionary factors set forth in *McGraw*, the court finds that declaratory relief here must be refused.

First, this declaratory action will not necessarily determine the rights of the parties, whereas the presently-pending state court action would necessarily decide all issues and terminate the controversy. If this court denied the motion to dismiss and granted Continental's motion for summary judgment, the controversy would not be settled as still pending in the state court action is a claim against Mr. Stanford which would not be adjudicated by any judgment of this forum. To grant declaratory relief here would result in piecemeal litigation without resolution of the entire controversy. By contrast, the presently-pending state court action will finally determine all the rights of all the parties. It is true that the personal representative

of the Warbelow claim is not a party to the state court action. However, Continental will not be vulnerable to an independent garnishment action by the personal representative prior to the adjudication of the state action since her rights are derivative of the rights of Bayless & Roberts. Until the rights of Bayless & Roberts are determined in the state court action, the personal representative of the Warbelow claim will have no right to bring an independent garnishment action. Anchorage Helicopter Service, Inc. v. Anchorage Westward Hotel, 417 P.2d 903, 906 (Alaska 1966). In any event, the personal representative has declared through her attorney of record in this declaratory matter that she will be bound by any judgment rendered in the state court action.

Second, the issues in the state court action can be disposed of in that forum properly and expeditiously. This is particularly true, since the issues are those involving novel questions of state law. The ultimate issue raised in both courts is whether an insurer who has refused to defend the insured except under a reservation of rights to disclaim coverage later may claim a breach of cooperation and no-action clauses when the insured would not acquiesce to such a defense by the insurer. Although this court might be able to predict what the Alaska Supreme Court would hold on such an issue, the interests of comity dictate that the state court system should be afforded this opportunity to apply its expertise in developing its own insurance law.

Therefore, it is ordered:

1. That defendants' motion to dismiss is granted.

2. That this declaratory judgment action is dismissed.

3. That plaintiff's motion for summary judgment is denied as moot.