**AMERICAN HOME ASSURANCE COMPANY et al., Plaintiffs, Appellants,**

v.

**INSULAR UNDERWRITERS CORP. et al., Defendants, Appellees.**

**MANUEL SAN JUAN COMPANY, INC., et al., Plaintiffs, Appellees,**

v.

**AMERICAN INTERNATIONAL UNDERWRITERS CORP. et al., Defendants, Appellants.**

**Nos. 71–1111, 71–1029, 71–1120.**

United States Court of Appeals, First Circuit.

Argued Feb. 5, 1974.

Decided March 18, 1974.

---

Peter J. Malloy, Jr., New York City, with whom R. H. Francis and Juan F. Doval, San Juan, P. R., were on motion for plaintiffs, appellants to review order of the District Court and memorandum in support thereof.

Wallace Gonzalez-Oliver, San Juan, P. R., for defendants, appellees in opposition to the motion.

Before COFFIN, Chief Judge, McENTEE and CAMPBELL, Circuit Judges.

COFFIN, Chief Judge.

These are appeals from orders remanding to the Superior Court of the Commonwealth of Puerto Rico actions which had been commenced there by appellees and removed to the federal district court, and dismissing an action for declaratory relief, growing out of the same controversy, which had been commenced in the federal district court by appellants.

The tangled procedural history of this case begins on September 22, 1970, when appellants, insurance underwriters whose headquarters are in New York, notified appellees, their general agents in Puerto Rico, that the agency contracts first entered into in 1962 were to be cancelled as of December 31, 1970. At the same time, appellants sought a declaratory judgment from the district court that the Puerto Rican Dealer's Contract Law, Law 75 of 1964 (10 L.P.R.A. § 278 et seq.), which restricts the cancellation of dealer contracts, was inapplicable to general agency contracts. Later that same day, appellees commenced a separate action in the Superior Court of the Commonwealth, and obtained a protective order enjoining appellants from cancelling the agency contracts. Appellees' action was then removed to the district court, on appel-

lants' motion, and another protective order granted them. Appellees moved to remand their action to the Superior Court of the Commonwealth, contending that the federal district court lacked jurisdiction, but their motion was denied. Appellants appealed the reinstatement of the protective order, and appellees contested the denial of their motion to remand. We stayed the appeals pursuant to the mandate of Fornaris v. Ridge Tool Co., 400 U.S. 41, 91 S.Ct. 156, 27 L.Ed.2d 174 (1970), until the courts of the Commonwealth had had an opportunity to interpret Law 75.

This status quo was preserved for the next two years, while appellants continued to seek a federal forum, and Law 75 continued in effect without authoritative interpretation by the courts of the Commonwealth. Finally, in Warner Lambert Co. (American Chicle Co. Division) v. Superior Court of Puerto Rico, San Juan Part, —— P.R.R. —— (May 9, 1973), the Superior Court of the Commonwealth held that Law 75 did not apply retroactively to contracts entered into before its enactment in 1964. We therefore granted appellants' motion to vacate the stay, and remanded the various actions to the district court. The district court then decided that it had no jurisdiction over appellees' cause of action, which had been improvidently removed from the Commonwealth courts three years before, and therefore granted appellees' motion to remand. Concluding that a disposition of appellees' actions would necessarily dispose of appellants' claim, and wishing to avoid multifarious suits, the district court dismissed appellants' action for declaratory relief. It is from this posture that appellants now appeal, both from the order of remand of appellees' actions and from the order dismissing appellants' declaratory judgment action without prejudice.

Appellants contend that the district court abused its discretion in remanding the appellees' action to the Commonwealth courts, because the original removal had been proper. Appellants also argue that the district court abused its discretion in dismissing appellants' ac-

tion for declaratory relief, since appellants' action was commenced before that of appellees, and a resolution of that action would resolve all of the issues between the parties. What is understandably galling to appellants is that, three and one half years after their suit was filed, and almost one year after the Puerto Rico Supreme Court in *Warner Lambert* decreed that Law 75 does not apply to dealer contracts entered into prior to its passage, they are in the Sisyphean predicament of being forced to labor under their contractual arrangement—of ever diminishing value—with appellees, while appellees have been free to develop their own lucrative business. But much of the delay was occasioned by the *Fornaris*-mandated restraint awaiting interpretation of Law 75 by the Supreme Court of Puerto Rico. And, now that the district court has at last made its decision, we conclude that the twin barriers of lack of appellate jurisdiction over the order to remand and somewhat limited scope of review over the order of dismissal of the declaratory action outweigh the demonstrated tenacity of appellants in trying to stay in a federal forum. We therefore affirm.

Appellants base their challenge to the remand on an alleged fraudulent joinder of several Commonwealth party defendants in appellees' action who, say appellants, are nominal parties joined for the sole purpose of defeating diversity jurisdiction in the federal courts. Appellants argue that appellees' basic cause of action is breach of contract, which lies solely against appellants, and that the joined Commonwealth defendants are mere agents or "middlemen" through which the actions of appellants were carried out and communicated to appellees. Appellees, on the other hand, maintain that the joined defendants played an active part in the scheme to cancel the general agency contracts, and that in all likelihood the named defendants would become appellants' new general agents if cancellation of the old contracts were effective. Their cause of action, they say, is founded in tort and, therefore, the joined defendants, who acted far beyond

an agency capacity, are joint tortfeasors. Appellees also allege causes of action which arise under the Puerto Rican law relating to nuisance, "Perturbacion" and "Menoscabo", 32 L.P.R. § 2761, under the law against conspiracy and restraint of trade, 10 L.P.R.A. §§ 258, 259, and the statute protecting freedom of speech, 1 L.P.R.A. § 11.

■■ However meritorious we find argument on either side, we are unable to jump into the foray. Review of the district court's decision to remand is simply outside our province. 28 U.S.C. § 1447(d). *See* Chandler v. O'Bryan, 445 F.2d 1045 (10th Cir. 1971); Louisiana State Board of Medical Examiners v. Howze, 445 F.2d 586 (5th Cir. 1971). As we said in In re La Providencia Development Corp., 406 F.2d 251 (1 Cir. 1969), "Removal in diversity cases, to the prejudice of state court jurisdiction, is a privilege to be strictly construed . . . and the state court proceedings are to be interfered with once, at most." We based our decision then, as we do now, not only upon judicial economy, but also in recognition of principles of comity. "The action must not ricochet back and fourth depending upon the most recent determination of a federal court." *Id.* at 252.

■ Appellants urge an exception to this rule in cases, such as the present one, where the action, once removed to the federal courts, has continued there for a significant length of time. They imply that after such a time, both the moving party and the court itself are estopped from remanding, on a theory somewhat akin to waiver or laches. Moreover, they point out that in the present case, in our order of June 6, 1973, remanding the case to the district court, we specifically retained appellate jurisdiction.

While we are cognizant of the three year lapse here between removal and order to remand, and are sensitive to the reliance which the appellants placed upon the federal forum during that time, we think the well established policy against appellate review of remand orders should control. We are not faced

with the situation where the party favoring remand has sat silent until the last moment. French v. Hay, 22 Wall (89 U.S.) 238, 244–245, 22 L.Ed. 854 (1874). Instead, appellees resisted removal, and made timely objection. Nor do we have a situation in which the federal action has progressed toward final disposition. Here, the action was stayed for two years pending an authoritative interpretation of Law 75 from the Commonwealth courts, an interpretation which the appellants themselves could have received at any time had they been willing to go to the Commonwealth forum. Nor should our words of June 6 be construed as a retention of federal jurisdiction, regardless of remand by the district court. At that particular juncture we decided to retain jurisdiction to review those orders of the district court which we had authority to review.

Appellants base their second contention, that the district court abused its discretion in dismissing appellants' action for declaratory relief, upon the fact that appellants won the race to the courthouse door on September 22, 1970, and therefore, if the issues are to be resolved anywhere, they should be resolved in the winner's circle.

In reviewing a district court's exercise of its discretion to grant or deny declaratory relief, we need not be quite so deferential as we are when reviewing other instances of district court discretion. Nevertheless, if discretion is to have meaning at all, we would not, in close cases, substitute our own judgment for that of the trial court. *See* 6A Moore's Federal Practice § 57.08 [6–1]. This scope of review necessarily entails consideration of the reasons underlying dismissal.

■ The purpose of allowing declaratory relief is to expedite the resolution of a controversy by clarifying legal issues. But against the possible benefit to be gained from clarification must be weighed the possible waste of judicial time and energy in entertaining multifarious suits. Thus, it is irrelevant who won the race to the courthouse door. *See* Brillhart v. Excess Ins. Co., 316 U.S.

491, 495, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942); Product Engineering and Mfg. Co., Inc. v. Barnes, 424 F.2d 42 (10th Cir. 1970); N. Y. Central R. R. v. Colonial Stores, Inc., 332 F.Supp. 531 (S.D. Ohio 1971); *contra* E. W. Bliss Co. v. Gold Metal Process Co., 102 F.2d 105 (6th Cir. 1939). The relevant question is, rather, whether at the time of hearing the motion to dismiss, "there is such a plain, adequate, and speedy remedy afforded in the pending state court action, that a declaratory action will serve no useful purpose." Franklin Life Insurance Co. v. Johnson, 157 F.2d 653, 657 (10th Cir. 1946). Such a question will be resolved by considering the convenience of the courts, comparative condition of the dockets, the certainty of jurisdiction, and the joinder of all parties and causes of action.

Nor should declaratory relief be used as a means to winning the res judicata race *from* the courthouse door. Independent Tape Merchants Ass'n v. Creamer, 346 F.Supp. 456 (M.D.Pa.1972). If a pending state action will ultimately resolve the issues, it is probably inadvisable to place the parties in a competing position, the first to complete his litigation gaining the benefit of res judicata, unless there are good reasons for doing so.

■ With these considerations in mind, we cannot say that it was erroneous for the district court to dismiss appellants' action for declaratory relief. In neither court have proceedings gone beyond the filing of affidavits and other documents. Two substantive issues present in the Law 75 controversy are whether a novation of the original contract has been effected and whether Law 75 applies to contracts between insurance companies and their general agents. There would seem to be some advantage in these issues being decided by the courts of the Commonwealth. Moreover, appellees' action in the Commonwealth courts is more comprehensive than is appellants' federal claim, including as it does additional party defendants and additional claims. The additional party defendants may not be indispensable to

the action; indeed, the Commonwealth courts might dismiss the claims against them on grounds that under the Commonwealth's law of agency, they are not liable for the torts of their principal, or, as employees, not capable of conspiring with their corporate employer. The additional causes of action under Puerto Rican law might also be dismissed by the Commonwealth courts. But since a disposition of all the claims in that forum, whatever their outcome, is likely to still the controversy more completely than in the federal courts, the district court was justified in denying declaratory relief. Clearly, also, the Commonwealth courts have jurisdiction over the subject matter. And finally, while we are in no position to judge the relative condition of the dockets in the Commonwealth and federal courts, we know of no reason why appellants will not be able to receive a reasonably prompt disposition of both any claim for provisional relief or their long awaited claims on the merits in that forum. Should events prove us wrong, appellants' suit in federal court having been dismissed without prejudice, they would be free to bring another action.

Affirmed.