**The OHIO CASUALTY COMPANY, a corporation, Plaintiff,**

v.

**JACKSON COUNTY BANK, a banking corporation, and MGIC Indemnity Corporation, a corporation, Defendants.**

No. 82–C–854.

United States District Court, W.D. Wisconsin.

April 14, 1983.

Tomlinson, Gillman & Travers by Bruce Gillman, Madison, Wis., for plaintiff.

Sherman, Stutz & Lister by Berton D. Sherman, Black River Falls, Wis., for Jackson County Bank.

Bell, Metzner & Gierhart by Melissa Uelk Smith, Madison, Wis., for MGIC Indem. Corp.

## MEMORANDUM AND ORDER

SHABAZ, District Judge.

This is an action for declaratory relief under 28 U.S.C. § 2201. From the pleadings and other documents in the file, the following facts emerge:

Defendant Jackson County Bank is a Wisconsin banking corporation, with its principal place of business in Black River Falls, Wisconsin. The Bank employed Verlyn A. Nelson as a loan officer. While working for the Bank, Mr. Nelson allegedly misappropriated his employer's funds and caused other damages, estimated by the Bank to exceed $1.7 million.[1]

Plaintiff Ohio Casualty Insurance Company, an Ohio corporation, holds a "Bankers Blanket Bond" on behalf of the Bank. Under this bond, Ohio Casualty may be liable for up to $450,000 of the loss to the Bank allegedly caused by Mr. Nelson. Under a separate "Excess Bank Employee Dishonesty Blanket Bond," Ohio Casualty faces pos-

---

1. Mr. Nelson later pled guilty to the offense of making a false entry on a bank statement in violation of 18 U.S.C. § 1005. On May 5, 1982, Chief Judge Barbara Crabb sentenced Mr. Nelson to three years probation. *See United States v. Nelson,* Case No. 81–CR–48 (W.D. Wis. May 5, 1982).

sible additional liability of $1 million. At the same time, defendant Bank is the potential beneficiary of an insurance policy issued by MGIC Indemnity Corporation. Under this policy, MGIC may be responsible for any liability of Verlyn A. Nelson up to $1 million.

On October 14, 1982, Ohio Casualty filed this suit. It seeks a declaration from this Court that it is not liable to the Bank on the Bankers Blanket Bond and a declaration that the Bank's losses are covered by the policy issued by MGIC.

The Bank has counterclaimed against Ohio Casualty and cross-claimed against MGIC for declaratory relief and damages. The Court takes judicial notice[2] of the proceedings in *Jackson County Bank v. Nelson,* Case No. 83–CV–16, now pending in the Circuit Court for Jackson County, Wisconsin. The complaint, filed on January 31, 1983, seeks $1.7 million in damages caused by alleged wrongful acts of Verlyn A. Nelson. The suit also names Ohio Casualty as a defendant, seeking $450,000 on the Banker's Blanket Bond and $1 million on an Excess Bank Employee Dishonesty Blanket Bond.

On February 15, 1983, Ohio Casualty filed in Circuit Court a motion to dismiss or to stay proceedings pending the outcome of this case. In an affidavit, filed the same day, Ohio Casualty's counsel averred: "... [T]he issues in the federal action raised by the Counterclaim of the Jackson County Bank are the same as those involved in this action in that the decision and disposal of said issues in the federal action (as to the Counterclaims of the Jackson County Bank) will settle and determine all questions of fact or law involved in this action." Or to put it more simply, the Bank's counterclaim in federal court is similar to its complaint in state court.

This case is now before the Court on the Bank's motion to dismiss the complaint. The Bank raises objections to the omission of Verlyn Nelson as a party in this action, claiming that his joinder would destroy complete diversity and thus subject matter jurisdiction. The Court will not address these issues. Instead, this Court declines to exercise jurisdiction in this dispute and relegates the litigants to their appropriate remedy in state court.

The Court's decision is justified by two factors: 1) the discretionary nature of relief for actions under 28 U.S.C. § 2201; and 2) "considerations of '[w]ise judicial administration,'" *Colorado River Water Conservation District v. United States,* 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976).

I

28 U.S.C. § 2201 states:

In a case of actual controversy within its jurisdiction, ... any court of the United States, ... may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

■ Declaratory relief is not a matter of right; instead, such a remedy is "committed to judicial discretion." *A.L. Mechling Barge Lines, Inc. v. United States,* 368 U.S. 324, 331, 82 S.Ct. 337, 341, 7 L.Ed.2d 317 (1961). *See National Wildlife Federation v. United States,* 626 F.2d 917, 923 (D.C.Cir. 1980) ("may" in 28 U.S.C. § 2201 intended to permit federal court, in its discretion, to withhold declaratory relief).

Such discretion, however, is not unlimited. The Court must exercise "sound" discretion, *Hanes Corp. v. Millard,* 531 F.2d 585, 591 (D.C.Cir.1976), in accordance with the purposes of the Declaratory Judgments Act, 28 U.S.C. § 2201. *Shell Oil Co. v. Frusetta,* 290 F.2d 689, 692 (9th Cir.1961).

In exercising its discretion, this Court looks first to *Brillhart v. Excess Insurance*

---

**2.** Federal courts may, *sua sponte,* take notice of proceedings and pleadings in federal and state courts which have direct relation to matters at issue. *St. Louis Baptist Temple v. Federal Deposit Insurance Corp.,* 605 F.2d 1169, 1172 (10th Cir.1979); *Barrett v. Baylor,* 457 F.2d 119, 124, n. 2 (7th Cir.1972); Rule 101, Federal Rules of Evidence.

*Company of America,* 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942) [3] In *Brillhart,* an insurer sought a declaratory judgment to determine its rights under a reinsurance agreement. The Supreme Court, through Justice Frankfurter, described the circumstances under which federal courts in actions for declaratory judgment should defer to contemporaneous state proceedings:

> Ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties. Gratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided.

> Where a District Court is presented with a claim such as was made here, it should ascertain whether the questions in controversy between the parties to the federal suit, and which are not foreclosed under the applicable substantive law, can better be settled in the proceeding pending in the state court. This may entail inquiry into the scope of the pending state court proceeding and the nature of defenses open there. The federal court may have to consider whether the claims of all parties in interest can satisfactorily be adjudicated in that proceeding, whether necessary parties have been joined, whether such parties are amenable to process in that proceeding, etc.

■ Thus, where a contemporaneous state proceeding will resolve expeditiously all issues in controversy, this Court should defer to the state court proceeding by declining to exercise jurisdiction under 28 U.S.C. § 2201, especially in a matter interpreting state law.[4] *Accord: Fay v. Fitzgerald,* 478 F.2d 181 (2d Cir.1973) (where contemporaneous state court proceeding will resolve the issue, putative widow's declaratory judgment action to determine entitlement to decedent's estate not entertained by federal court); *Miller v. Miller,* 423 F.2d 145, 148 (10th Cir.1970) (federal courts "should decline to exercise diversity jurisdiction over a declaratory judgment action raising state law issues which are being presented contemporaneously to state courts").

## A. The Parties

The claims of all parties in interest may satisfactorily be adjudicated in the state court proceedings. Ohio Casualty and the Bank, present in this action, are also principal actors in the state court suit. Verlyn Nelson is also a defendant in the state court action; his status in the instant litigation is far less certain.

Furthermore, although MGIC is not named as a party in state court, this Court has no reason to doubt that it is amenable to process there.[5] The Court also observes that Ohio Casualty should have little to say about the presence of MGIC in either action. The coverage of the Bank or Verlyn Nelson under policies issued by MGIC can be of little legal import to Ohio Casualty.

---

**3.** This decision reversed on appeal the decision of the Court of Appeals for the Tenth Circuit, see 121 F.2d 776, upon which Ohio Surety relies and quotes at some length in its brief. The Bank, instead of alerting the Court to the oversight, emphasized different portions of the decision in the Court of Appeals. Both counsel are directed to *Shepard's Federal Citations, Federal Reporter 2d Series, 1–200* at 1019 (1969). The "r" under 121 F.2d 776 indicates that the decision of the Court of Appeals was reversed on appeal.

**4.** The parties agree that the fact that Ohio Casualty filed the declaratory judgment action before being named in the state court action does not prevent this Court from declining jurisdiction. *Continental Insurance Co. v. Bayless &*

*Roberts, Inc.,* 366 F.Supp. 287, 289 (D.Alaska 1973), aff'd 503 F.2d 1379 (9th Cir.1974); *Chicago Furniture Forwarding Co. v. Bowles,* 161 F.2d 411, 413 (7th Cir.1947). Otherwise, the federal courts would only be rewarding the winner of a race to the courtroom door, *American Home Assurance Co. v. Insular Underwriters Corp.,* 494 F.2d 317, 320 (1st Cir.1974), a result contrary to the purpose of declaratory relief. *See also Independent Tape Merchant's Association v. Creamer,* 346 F.Supp. 456, 461 (M.D.Penn.1972).

**5.** Although this Court cannot dictate trial strategy, presumably if the Bank obtains a judgment against Mr. Nelson, it would look to the MGIC policy for satisfaction of that judgment.

In fact, this Court would question Ohio Casualty's standing to seek a declaration that the Bank's losses are covered under the MGIC policy.

### B. *The Issues*

■ The Declaratory Judgments Act must not be used to resolve only particular issues without settling the entire controversy, *Sears, Roebuck & Co. v. American Mutual Liability Insurance Co.*, 372 F.2d 435, 438 (7th Cir.1967),[6] especially where the entire controversy may be settled by a suit in state court. *American Home Assurance Co. v. Insular Underwriters Corp.*, 494 F.2d 317, 321 (1st Cir.1974). The purpose of 28 U.S.C. § 2201 is not advanced by trying a case piecemeal. *Doby v. Brown*, 232 F.2d 504, 506 (4th Cir.), cert. denied, 352 U.S. 837, 77 S.Ct. 58, 1 L.Ed.2d 55 (1956).

All issues raised in this action for declaratory judgment may be resolved in state court. In addition, the state court action will fully resolve all the issues in dispute among these parties, including several raised only by way of counterclaim or cross-claim and possibly others not raised at all in the federal suit.

### C. *Plaintiff's Need for Declaratory Relief*

■ The Court should also consider plaintiff's need for declaratory relief. *International Harvester Co. v. Deere & Co.*, 623 F.2d 1207, 1218 (7th Cir.1980). Where another available remedy would be more effective or appropriate, the Court may decline to exercise jurisdiction under 28 U.S.C. § 2201, *City of Highland Park v. Train*, 519 F.2d 681, 693 (7th Cir.1975), cert. denied,

424 U.S. 927, 96 S.Ct. 1141, 47 L.Ed.2d 337 (1976).

Ohio Casualty appears to argue that its defense of noncoverage due to alleged mental incapacity of Verlyn Nelson should be heard before any of the other issues in this controversy. The Court has no doubt that such a procedure, if Ohio Casualty succeeds in this Court, will save it the expense of the state court trial. Not surprisingly, Ohio Casualty has not raised the possibility of putting all the parties to the expense of a declaratory action, *losing* in this Court, then proceeding with the action in state court. Furthermore, the Court concludes that the issues presented in this action may be more economically resolved by litigation of all issues in state court.

■ In re-reading Ohio Casualty's brief, though, the Court detected a more subtle rationale for Ohio Casualty's request for declaratory relief. It writes of the Bank's desire "to set the fire to this pressure cooker [the state court action] in its own backyard." Later, Ohio Casualty accuses the Bank of preferring "the cozy comforts of its own backyard." Ohio Casualty seems to intimate that fear of local prejudice in the state court action is a basis for exercise of this Court's jurisdiction under 28 U.S.C. § 2201. Such a notion must be rejected. The Declaratory Judgments Act does not allow a party to obtain a federal tribunal in diversity cases where one is not available through removal. *Shell Oil Co. v. Frusetta*, 290 F.2d at 694; *American Automobile Insurance Co. v. Freundt*, 103 F.2d 613, 617 (7th Cir.1939). *See Cunningham Brothers*,

---

**6.** In the *Sears* case, a retailer sought a declaratory judgment that an insurance company was obligated, due to a contract of insurance, to defend and indemnify the retailer in an action in state court. The Court of Appeals held that the district judge erred in declining to hear the action for declaratory judgment. The Court of Appeals noted the following factors, none of which is present in the instant case:

1) The party seeking declaratory relief was not named as a party in the state court action; therefore, unlike the case at bar, the party seeking declaratory judgment was unable to raise the same issues in the state court suit.

2) The extent of the retailer's coverage under the insurance policy, the main issue to be resolved in the declaratory judgment action, was independent of and not encompassed by the issues in the state court litigation. In contrast, the Bank's coverage under Ohio Surety's bonds, the focus of this litigation, is one of a number of issues to be resolved in Circuit Court for Jackson County.

3) The district court dismissed the *Sears* case *sua sponte;* in fact, neither the retailer nor the insurance company objected to federal jurisdiction. In the instant matter, the Bank specifically raised and objected to jurisdiction in this Court.

*Inc. v. Bail,* 407 F.2d 1165, 1169 (7th Cir.), cert. denied, 395 U.S. 959, 89 S.Ct. 2100, 23 L.Ed.2d 745 (1969) ("when the traditional remedy provides the parties with the procedural safeguards required by the law to insure the availability of a proper remedy," federal court "may properly dismiss the declaratory judgment action").

The Court concludes that plaintiff has failed to show any need for declaratory relief or that its rights and obligations could not be determined in the usual manner in the state court proceeding.

### D. *The Public Interest*

Finally, the Court should examine the public interest. Specifically, the Court should consider the public's "interests in judicial expediency and in avoiding unnecessary federal court decisions." *International Harvester Co. v. Deere & Co.,* 623 F.2d at 1218. *Accord: Sweetheart Plastics, Inc. v. Illinois Tool Works, Inc.,* 439 F.2d 871, 875 (1st Cir.1971).

The Court holds that the public interest weighs against the exercise of federal jurisdiction in this case. Where the whole controversy may be heard in contemporaneous state court proceedings, Ohio Casualty has no right to an adjudication of its interests (under state law) in this Court. The public interest demands that the time of the federal courts be more judiciously spent.

### II

This Court's refusal to accept jurisdiction is sound even without the unique considerations involved in the Declaratory Judgments Act. The Supreme Court explained a second ground for dismissal in *Colorado River Water Conservation District v. United States,* 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976). In that case, the Court held that the trial court correctly dismissed an action in light of substantially identical proceedings in state court. The Court wrote:

[T]here are principles unrelated to considerations of proper constitutional adjudication and regard for federal-state relations which govern in situations involving the contemporaneous exercise of concurrent jurisdictions, either by federal courts or by state and federal courts. These principles rest on considerations of "[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Kerotest Mfg. Co. v. C–O–Two Fire Equipment Co.,* 342 U.S. 180, 183 [72 S.Ct. 219, 221, 96 L.Ed. 200] (1952). See *Columbia Plaza Corp. v. Security National Bank,* 173 U.S.App.D.C. 403, 525 F.2d 620 (1975).

*Id.* at 817, 96 S.Ct. at 1246.

While specifically stating that abstention was not available under the facts of that case,[7] *id.* at 813, 96 S.Ct. at 1244, the Court explained the factors that might, nonetheless, permit the district court to dismiss a federal suit in favor of contemporaneous state proceedings:

In assessing the appropriateness of dismissal in the event of an exercise of concurrent jurisdiction, a federal court may also consider such factors as the inconvenience of the federal forum, cf. *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501 [67 S.Ct. 839, 91 L.Ed. 1055] (1947); the desirability of avoiding piecemeal litigation, cf. *Brillhart v. Excess Ins. Co.,* 316 U.S. 491, 495 [62 S.Ct. 1173, 1175, 86 L.Ed. 1620] (1942); and the order in which jurisdiction was obtained by the concurrent forums, *Pacific Live Stock Co. v. Oregon Water Bd.,* 241 U.S. 440, 447 [36 S.Ct. 637, 640, 60 L.Ed. 1084] (1916). No one factor is necessarily determinative; a carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counselling against that exercise is required. See *Landis v. North American Co., supra,* [299 U.S. 248], at 254–255 [57 S.Ct. 163 at

---

**7.** Abstention is also unavailable here, as none of the categories of abstention recognized by the Supreme Court encompasses the facts of the instant case. *See Colorado River,* 424 U.S. at 813–817, 96 S.Ct. at 1244–1246.

165–166, 81 L.Ed. 153]. Only the clearest of justifications will warrant dismissal. *Id.* at 818–819, 96 S.Ct. at 1246–1247.

The Supreme Court also considered the involvement of state as opposed to federal interests in the suits, the development of the record in each court, and the sufficiency of the state proceedings to resolve adequately the claims raised in the federal forum. *Id.* at 820, 96 S.Ct. at 1247.

This Court will address each factor in turn.

## A. *Convenience of the Federal Forum*

In *Colorado River,* the Supreme Court deemed "significant" the three hundred mile distance between the state and federal courts, 424 U.S. at 820, 96 S.Ct. at 1247, presumably inferring that the federal forum is less convenient. In this case, the Court takes judicial notice that some 125 miles separate the federal from the state tribunal. The Bank is located in Jackson County. Presumably, most witnesses may be found in that area as well. As Ohio Casualty and MGIC are both foreign corporations, Jackson County would appear to be no more inconvenient than federal court in Madison, Wisconsin. Counsel for the Bank are from Jackson County. While counsel for Ohio Casualty and MGIC are from Madison, Jackson County appears to be the most convenient site to hear the case.

## B. *Avoidance of Piecemeal Litigation*

The Court considered this earlier in this Decision. *See* Part IB. In short, the Court concludes that the state court action is capable of resolving all issues in dispute in a more expeditious and economical manner than that suggested by Ohio Surety in this action.

## C. *The Order in Which Jurisdiction was Obtained by the Concurrent Forums*

As discussed in Part I of this Decision, the federal suit pre-dated the filing of the Jackson County action. Supreme Court held, however, that this factor should not be analyzed in a mechanical and purely chronological fashion.

This factor, as with the other *Colorado River* factors, is to be applied in a pragmatic, flexible manner with a view to the realities of the case at hand. Thus, priority should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions. *Colorado River* illustrates this point well. There, the federal suit was actually filed first. Nevertheless, we pointed out as a factor favoring dismissal "the apparent absence of any proceedings in the District Court, other than the filing of the complaint, prior to the motion to dismiss." 424 U.S., at 820, 96 S.Ct., at 1248.

*Moses H. Cone Memorial Hospital v. Mercury Construction Corp.,* —— U.S. ——, 103 S.Ct. 927, 940, 74 L.Ed.2d 765 (1983).

Therefore, a discussion of this issue must take into account the development of the record in the federal and state matters. *See* Part E, *infra.*

## D. *State v. Federal Interests*

The dissent in *Colorado River* cited this factor as undermining the basis for the district court's refusal to assume jurisdiction. Justice Stewart, joined by Justices Blackmun and Stevens wrote:

[T]he issues involved [in this case] are issues of federal law. A federal court is more likely than a state court to be familiar with federal water law and to have had experience in interpreting the relevant federal statutes, regulations, and Indian treaties. Moreover, if tried in a federal court, these issues of federal law will be reviewable in a federal appellate court, whereas federal judicial review of the state courts' resolution of issues of federal law will be possible only on review by this Court in the exercise of its certiorari jurisdiction.

Second, some of the federal claims in this lawsuit relate to water reserved for Indian reservations. It is not necessary to determine that there is no state-court jurisdiction of these claims to support the proposition that a federal court is a more

appropriate forum than a state court for determination of questions of life-and-death importance to Indians. This Court has long recognized that " '[t]he policy of leaving Indians free from state jurisdiction and control is deeply rooted in the Nation's history.' " *McClanahan v. Arizona State Tax Comm'n,* 411 U.S. 164, 168 [93 S.Ct. 1257, 1260, 36 L.Ed.2d 129], quoting *Rice v. Olson,* 324 U.S. 786, 789 [65 S.Ct. 989, 991, 89 L.Ed. 1367]. 424 U.S. at 825–826, 96 S.Ct. at 1250–1251 (Stewart, J., dissenting).

In contrast, the instant case presents solely issues of interpretation of state law, with which state courts presumably have greater expertise. Furthermore, Ohio Casualty has not demonstrated that insurance companies are somehow entitled to the special federal protection that may be due Indian tribes.

In short, the Court finds no federal interests whatsoever in the ultimate determination of the issues in this case, therefore presenting an even more persuasive candidate for dismissal than *Colorado River.*

### E.  *The Development of the Record*

The Court notes that although pre-trial reports have been filed in this case, discovery has not commenced. Instead, most of the attention in the federal action has been devoted to the motions now pending before the Court.

Similarly, aside from the filing of the complaint and various documents culminating in a stay of proceedings pending the outcome of this motion, little has ensued in the state proceeding.

Thus, while the federal file is probably thicker, both the federal and the state actions have yet to get off the ground.

### F.  *Sufficiency of the State Proceedings*

As stated elsewhere in this Decision, the state proceedings are entirely adequate to resolve the issues presented in Ohio Casualty's federal suit. *Cf. Moses H. Cone Memorial Hospital,* 103 S.Ct. at 942–943 (where "substantial room for doubt" that state

court could or would provide relief available under federal law, stay of contemporaneous federal action not appropriate); *Bio-Analytical Services, Inc. v. Edgewater Hospital, Inc.,* 565 F.2d 450, 454 (7th Cir.1977), cert. denied, 459 U.S. 820, 99 S.Ct. 84, 58 L.Ed.2d 111 (1979) (where state court action may not protect important federal interest, dismissal of federal proceedings was error). *See generally Tovar v. Billmeyer,* 609 F.2d 1291, 1293–1294 (9th Cir.1979) (where federal constitutional issues not presented to state court in earlier proceedings, federal court may not dismiss federal action between the same parties seeking relief under 42 U.S.C. § 1983).

The Court concludes, after weighing the various factors, that the federal action should be dismissed in favor of the state suit. The only possible factor weighing against dismissal is the greater development of the record in the federal action. When compared to the total amount of labor that must eventually be invested in this matter, however, neither suit has progressed significantly. Therefore, the Court holds that dismissal is appropriate under the logic of *Colorado River.*

■ In deciding to dismiss this action (under either justification), the Court recognizes its usual obligation to exercise jurisdiction in cases filed before it. In a limited class of cases, however, including the instant matter, judicial economy and the interests of justice are served best by deference to state proceedings.

### ORDER

IT IS ORDERED that defendant's motion to dismiss is GRANTED. The Clerk of Court is instructed to enter judgment in favor of defendants, dismissing the complaint without prejudice and with costs.

In light of the foregoing,

IT IS FURTHER ORDERED that any motions, claims, cross-claims, or counterclaims are DISMISSED without prejudice or costs.