**John BALIK and Josephine Balik, Plaintiffs,**

v.

**The TRAVELERS INSURANCE CO., Majestic Marine, Terry A. Schram, Blue Cross & Blue Shield, Otis R. Bowen, Department of Health and Human Services, and Medicare Parts A & B, Defendants.**

**No. 88–C–190.**

United States District Court, E.D. Wisconsin.

May 30, 1989.

Larry Brueggeman, David J. Liso and Hope K. Olson, Milwaukee, Wis., for plaintiffs.

Christopher P. Riordan, Milwaukee, Wis., for defendants Terry Schram and Majestic Marine.

Melvin K. Washington, Asst. U.S. Atty., Milwaukee, Wis., for remaining defendants.

## DECISION AND ORDER

MYRON L. GORDON, Senior District Judge.

This consolidated action arises from an accident in which one of the plaintiffs, John Balik, was struck by a truck owned by the defendant, Majestic Marine, and driven by another defendant, Terry Schram. Various federal defendants were named pursuant to § 803.03, Wis.Stat., because there exists a potential subrogated interest arising from the fact that these federal defendants paid medical insurance claims on behalf of Mr. Balik.

On August 1, 1988, the United States, a non-party, filed a motion for summary judgment and for an order declaring its right to subrogation. On April 26, 1989, the court dismissed the motion and awarded costs and attorney's fees to the plaintiff because the court found no basis for entertaining a motion filed by a non-party, 125 F.R.D. 149 (1989).

The Secretary of Health and Human Services and the United States have filed a motion requesting that the court reconsider the April 26, 1989, order and find that the United States is already a party to the action. In the alternative, the Secretary requests that the court vacate the April 26, 1989, order and consider the merits of the

previous motion as one now filed by the Secretary. Finally, the United States requests that the court grant it leave to intervene as a named party in the action. The plaintiffs have not responded to the new motion. For reasons stated herein, the court will grant the United States leave to intervene but will decline to reconsider the April 26, 1989, order; however, treating the merits of the previous motion as one filed by the Secretary, the court will deny the motion.

■ The question under consideration is whether, in a lawsuit against a federal official, the United States, without intervening, is entitled to file a motion for summary judgment.

The Secretary and the United States argue that under *Dugan v. Rank,* 372 U.S. 609, 620–21, 83 S.Ct. 999, 1006–07, 10 L.Ed. 2d 15 (1963), an action against a federal official is an action against the United States, and therefore the latter is free to file motions in its sole name even though it is not a named party and has not intervened. I disagree. In *Dugan,* the Supreme Court dealt with the applicability of the principle of sovereign immunity to actions filed against federal officials. It holds that the sovereign is immune from suit, save when the sovereign consents to be sued, in actions against federal officials. It does not follow that whenever a federal official is sued, the sovereign can file dispositive motions even though it has not joined in the lawsuit. I find no basis for reversing my April 26, 1989, order.

■ Alternatively, the Secretary requests that the court review the merits of the previous motion for summary judgment and declaratory relief as if the motion had been filed by the Secretary. The parties had previously briefed the motion fully; therefore it is appropriate for the court to reach the merits at this time.

42 U.S.C. § 1395y(b)(1) provides:

Any payment under this subchapter with respect to any item or service shall be conditioned on reimbursement to the appropriate Trust Fund ... when notice or other information is received that payment ... could be made under such a law, policy, plan, or insurance ... The United States shall be subrogated (to the extent of payment made under this subchapter for an item or service) to any right of an individual or any other entity to payment with respect to such item or service under such a law, policy, plan, or insurance.

■ On the basis of this provision, the Secretary seeks a declaratory judgment that the United States, through its medicare program, is entitled to be reimbursed from the proceeds of any judgment or settlement that the plaintiffs may receive. The plaintiffs oppose the motion on various grounds, the most persuasive of which is that the controversy between the parties is not over the *right* of the government to subrogation, but rather over the *amount* of the government's subrogation right.

The district court's decision whether to grant declaratory relief must be guided by the purpose of the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, which is to relieve the parties to a justiciable controversy "from uncertainty and insecurity with respect to legal relations." *Sears, Roebuck and Co. v. American Mutual Liability Insurance Co.,* 372 F.2d 435, 438 (7th Cir.1967). Since "any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such," the court may refuse to grant such a motion where the relief sought would not terminate the controversy giving rise to the proceeding. *Id.; Replica Sales, Inc. v. Konica Business Machines U.S.A., Inc.,* No. 88–C–155, slip op. at 16 (E.D.Wis. April 4, 1989); *Ohio Casualty Co. v. Jackson County Bank,* 562 F.Supp. 1165, 1168 (W.D.Wis.1983).

In the case at bar, a declaratory judgment as to the abstract right to subrogation will not resolve the controversy between the parties since (if the plaintiff prevails) the amount of that subrogation right remains a matter of contention. At this stage of the proceedings such a judgment would be ill advised.

■ With respect to the United States' request for leave to intervene, 42 U.S.C. § 1395y(b)(1) provides:

In order to recover payment made under this subchapter for an item or service, the United States may bring an action against any entity which would be responsible for payment with respect to such item or service ... and may join or intervene in any action related to the events that gave rise to the need for such item or service.

As noted in the April 26, 1989, order, this language gives the United States the right to intervene as subrogee. However, the language is permissive, not automatic. Now that the United States has filed a request to intervene, the court will grant it.

Therefore, IT IS ORDERED that the Secretary of Health and Human Service's and the United States' motion for reconsideration of the court's order of April 26, 1989, be and hereby is denied.

IT IS ALSO ORDERED that the Secretary of Health and Human Service's motion for summary judgment and declaratory relief be and hereby is denied.

IT IS FURTHER ORDERED that the United States' request for leave to intervene as a named party in the instant action be and hereby is granted.