CANADIAN UNIVERSAL INSURANCE COMPANY and American Universal Insurance Company

v.

THIBAUT OIL COMPANY, Kenneth Laurent, T. Floyd Jarreau, Kate Rice Thibaut, Jane Thibaut Boyce, Mary Elizabeth Thibaut Rives, John Edgar Thibaut, Margaret Thibaut Watson, James Henry Thibaut, Thomas A. Thibaut, David A. Thibaut, Mercedes Thibaut Smith, Carl W. Cleveland, Trustee, Trust in Favor of the Children of David D. Thibaut, R. and United States Fidelity & Guaranty Company.

Civ. A. No. 84–3504.

United States District Court, E.D. Louisiana.

Dec. 5, 1985.

Adams & Reese, Thomas J. Wyllie, Philip O. Bergeron, New Orleans, La., for plaintiffs.

L. Phillip Canova, Jr., Plaquemine, La., Chaffe, McCall, Phillips & Toles, Jonathan C. McCall, New Orleans, La., Chris Siegrist, Houma, La., Sidney Marchand, III, Donaldsville, La., Lloyd Bourgeois, Napoleonville, La., for defendants.

## ORDER AND REASONS

FELDMAN, District Judge.

Defendants filed a joint motion to dismiss, or, in the alternative, to stay plaintiffs' pending declaratory judgment action.

The facts are not in dispute. This controversy arises out of an explosion of liquid propane gas which occurred on or about December 30, 1982, in the vicinity of rural Assumption Parish. Several lawsuits resulted from the accident. The first was filed in the Civil District Court for the Parish of Orleans in June, 1983. Two other lawsuits were subsequently filed in state court for damages resulting from the explosion, and were consolidated with the original suit pending in the Orleans Parish Civil District Court. The consolidated state court suits are set for trial on June 2, 1986.

On July 31, 1984, more than one year after the original state action was filed, certain defendants or third-party defendants in the state court action brought the instant federal suit for declaratory judgment. In this diversity action, plaintiffs seek a declaration of their rights and obligations regarding certain insurance policies they issued and which are presently at issue in the pending state court proceedings. Essentially, plaintiffs here seek a declaration as to whether the allegations asserted against their alleged insured in state court are beyond the scope of coverage provided by the insurance policies at issue.

It is uncontested that the identical claim of no coverage presented here, as well as other insurance related issues, are now being litigated in the consolidated state proceedings. It is also uncontested that all of the parties joined as defendants or third-party defendants in the state court consolidated actions have also been named in the federal suit. Also, all issues, not just the coverage issue, can be resolved in state court, but only the coverage issue is controverted here.

Finally, several parties have not yet filed responsive pleadings and at least some of

the parties have not yet even been served in the federal action. Some of the defendants have moved to continue the trial date of the federal action, and have indicated that they wish to add additional parties to the suit.

It is against this background that this Court must decide the instant motion to dismiss or, alternatively, to stay the federal action.

This Court holds that this case falls squarely within the decision of the Supreme Court in *Brillhart v. Excess Insurance Co. of America,* 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942), cited with approval by the Supreme Court in *Colorado River Water Conservation District v. United States,* 424 U.S. 800, 819, 96 S.Ct. 1236, 1247, 47 L.Ed.2d 483 (1976), and in *Will v. Calvert Fire Insurance Co.,* 437 U.S. 655, 664–5, 98 S.Ct. 2552, 2558–59, 57 L.Ed.2d 504 (1978), and by the Fifth Circuit in *Hollis v. Itawamba County Loans,* 657 F.2d 746, 750 (5th Cir.1981). See also, Sonnenshein, "Abstention: The Crooked Course of Colorado River", 59 Tulane L.Rev. 651 (1985).

In *Brillhart,* the Excess Insurance Co. of America brought a diversity action under the Federal Declaratory Judgment Act, seeking a declaration of its obligations under a reinsurance agreement, because of a determination of liability of an alleged insured and subsequent garnishment proceedings which were instituted in state court in which Excess was named as a party. After the garnishment action in the state court was commenced, but before it had been served with process, Excess filed a declaratory judgment action in federal district court. The defendant moved to dismiss on the ground that the issues in the federal action could be decided in the prior pending state garnishment proceeding. In reviewing the Circuit Court's reversal of the order of dismissal of the District Court, Justice Frankfurter, writing for the Court, held:

> "Although the District Court had jurisdiction of the suit under the Federal Declaratory Judgments Act, ..., it was un-

der no compulsion to exercise that jurisdiction. The petitioner's motion to dismiss the bill was addressed to the discretion of the court. (citations omitted) The motion rested upon the claim that since another proceeding was pending in a state court *in which all the matters in controversy between the parties could be fully adjudicated, a declaratory judgment in the federal court was unwarranted.* The correctness of this claim was certainly relevant in determining whether the District Court should assume jurisdiction and proceed to determine the rights of the parties. *Ordinarily, it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties. Gratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided....* Where a district court is presented with a claim such as was made here, it should ascertain whether the questions in controversy between the parties to the federal suit, and which are not foreclosed under the applicable substantive law, can better be settled in the proceeding pending in the state court. This may entail inquiry into the scope of the pending state court proceeding and the nature of defenses open there. *The federal court may have to consider whether the claims of all parties in interest can satisfactorily be adjudicated in that proceeding, whether necessary parties have been joined, whether such parties are amenable to process in that proceeding, etc."* (emphasis added)

316 U.S. at 494–95, 62 S.Ct. at 1175–76. The Supreme Court reversed and remanded.

The rule of law nurtured in *Brillhart* has been aptly stated in practical terms as follows:

> "Thus, where a contemporaneous state proceeding will resolve expeditiously all

issues in controversy, this Court should defer to the state court proceeding by declining to exercise jurisdiction under 28 U.S.C. § 2201, especially in a matter interpreting state law."

*Ohio Cas. Co. v. Jackson County Bank,* 562 F.Supp. 1165, 1168 (W.D.Wisconsin 1983).

In *Ohio Cas Co.,* the court held that jurisdiction over an action for declaratory relief would not be exercised in light of a contemporaneous state proceeding, where the state proceedings were entirely adequate to resolve the issues also presented in the federal suit, and where, as here, no federal interests whatsoever were involved in the ultimate determination of the issues in the case.

■ In this case, neither party disputes that the state court is fully able to adjudicate all of the issues (and more) in dispute in the federal action. Moreover, it is clear that a federal interest is not involved, and federal law is not implicated in the controversy giving rise to the action. Not only is the underlying controversy purely one of state law, but, in addition, it is uncontested the question of law presented in the declaratory judgment action is unsettled in the Louisiana courts. Accordingly, this Court holds that it would be inappropriate for it not to decline jurisdiction under the circumstances. In the setting here, notions of comity counsel that the state courts ought to have the first opportunity to settle matters of purely state law. It is this Court's opinion that if this Court were to exercise its jurisdiction, it would be committing precisely the kind of "gratuitous interference with the orderly and comprehensive disposition of a state court litigation" which Justice Frankfurter cautioned was to be "avoided". *Brillhart, supra.*

■ In reaching its conclusion, this Court is also guided by the principle that "[t]he Declaratory Judgments Act must not be used to resolve only particular issues without settling the entire controversy, ... especially where the entire controversy may be settled by a suit in state court.... The purpose of 28 U.S.C. § 2201 is not

served by trying a case piecemeal." *Ohio Cas. Co., supra* at 1169. Here, not only are the plaintiffs in the state actions not parties to the federal action, but it is clear that in any event the underlying controversy will have to be resolved by the state courts. Here, it is clear that the consolidated state action is a far more efficient vehicle for resolving the entire controversy than a federal action which can fashion only limited piecemeal relief.

The federal litigation has made little progress. Various motions for continuance are pending and several defendants have yet to answer; some have not even been served. Thus, this Court deems that it is in the interest of " '[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation' ", that this Court dismiss the instant action. *Colorado River, supra,* 424 U.S. at 818, 96 S.Ct. at 1246.

■ In conclusion, this Court joins in the sentiments expressed by the District Court in *Ohio Cas. Co., supra* at 1170, that "[w]here the whole controversy may be heard in contemporaneous state court proceedings, [the plaintiff] has no right to an adjudication of its interests (under state law) in this Court. The public interest demands that the time of the federal courts be more judiciously spent." See also *Moses Cone Memorial Hospital v. Mercury Construction Corp.,* 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983); *Doby v. Brown,* 232 F.2d 504 (4 Cir.1956), *cert. den.* 352 U.S. 837, 77 S.Ct. 57, 1 L.Ed.2d 55 (1956).

For all of the foregoing reasons,

IT IS ORDERED:

The Joint Motion for Dismissal by defendants is hereby GRANTED, this Court abstains from exercising its jurisdiction, and the case is dismissed without prejudice to proceed in the state courts of competent jurisdiction. Judgment will be entered accordingly.