**HIGHLANDS INSURANCE CO.**

v.

**A.E. INVESTMENTS, INC.**

Civ. A. No. 85–5521.

United States District Court,
E.D. Louisiana.

July 8, 1986.

Lawrence Ernst, New Orleans, La., for plaintiff.

F. Henry Lapeyre, Jr., New Orleans, for intervenor.

Randall Karr, Lafayette, La., for defendant.

## ORDER AND REASONS

FELDMAN, District Judge.

This Court is again asked to consider the appropriate regard for federal-state relations implicated in cases involving the contemporaneous exercise of concurrent jurisdiction by federal and state courts.

On its own motion, the Court has inquired into the applicability of the abstention doctrine of *Colorado River* and *Brillhart* as that doctrine relates to a controversy in this Court involving solely the question of insurance coverage under circumstances in which liability and all other questions are presented in consolidated cases in state court. *Colorado River Conservation District v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976); *Brillhart v. Excess Insurance Company of America*, 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942); *Canadian Universal Insurance Co. v. Thibaut Oil Co.*, 622 F.Supp. 1055 (D.C.La.1985). This Court abstains from exercising jurisdiction in this matter under the authority of *Colorado River* and its progeny. See *Ohio Casualty Company v. Jackson County Bank*, 562 F.Supp. 1165 (D.C.Wisc.1983).

Plaintiff, Highlands Insurance Company, issued a comprehensive general liability policy to Davis Oil Company. During the policy period, an oil well operated by Davis

experienced an underground blow out. Certain land owners and mineral owners filed suit in state court against Davis, A.E. Investments, and others seeking damages as a result of the blow out. Davis in turn sued for indemnification and damages in the same state court, as did A.E. Investments and a company to whom A.E. Investments transferred its interest in the operating agreement entered into between A.E. Investments and Davis. All state court proceedings have been consolidated and involve a resolution of the rights of land owners, mineral owners and royalty owners, as well as questions of indemnification and contribution between the drilling contractor and signatories and assigns to the operating agreement.

Highlands seeks a declaratory judgment here on the question of whether or not A.E. Investments, a party to the operating agreement, is entitled to coverage under the Highlands policy issued to Davis for purposes of the liability issues in state court. Although Highlands is not a party in the consolidated state court proceedings (by choice of the parties) the coverage question must ultimately be decided either here or in state court, and, in turn, creates disputed obligations between Davis and A.E. Investments which are directly at issue in state court as well as all other issues incident to the blow out of the well.

Serious questions of federal-state relations are presented here as in *Canadian Universal, supra.* The essential difference, however, between this case and *Canadian Universal* is that the Highlands coverage question has not yet been made an issue directly in the state court proceedings (although it is unqualifiedly associated with the issues in those cases).

This case is controlled by *Ohio Casualty Company, supra.* There, the party who was not named in the state court litigation had a coverage question which was unrelated to the party seeking declaratory relief on the question of the extent of that party's insurance coverage. Here, more significantly, the coverage issue is inextricably intertwined with the liability questions currently at issue in the state court proceedings. As in *Ohio Casualty Company,* Highlands is "amenable to process there." *Ohio Casualty Co., supra* at 1168. The Court's comments in *Ohio Casualty Company* are particularly compelling to the outcome of this question:

> "The Declaratory Judgments Act must not be used to resolve only particular issues without settling the entire controversy ... especially where the entire controversy may be settled by a suit in state court ... The purpose of 28 U.S.C. § 2201 is not advanced by trying a case piecemeal ...
>
> All issues raised in this action for declaratory judgment may be resolved in state court. In addition, the state court action will fully resolve all issues in dispute among these parties, including several raised only by way of counter-claim or cross-claim and possibly others not raised at all in the federal suit." page 1169.

As in *Ohio Casualty Company,* "[t]he Court holds that the public interest weighs against the exercise of federal jurisdiction in this case. Where the whole of the controversy may be heard in contemporaneous state court proceedings, [Highlands Insurance Company] has no right to an adjudication of its interests (under state law) in this Court. The public interest demands that the time of the federal courts be more judiciously spent." *Ohio Casualty Company, supra* page 1170.

The events which have given rise to both the federal litigation and the consolidated state court proceedings focus on state law only, and it is of value to note that with some emphasis. We know also that the tests for abstention as applied to this case have no mechanical litmus quotient. *Colorado River, supra* 96 S.Ct. at 1247. The Court has examined the issues presented in light of the tests mandated in *Colorado River* and *Brillhart,* and finds that under the totality of all the circumstances presented here the pertinent factors weigh heavily in favor of abstention, especially the avoidance of piecemeal litigation. See *Moses H. Cone Memorial Hospital v. Mer-*

*cury Construction Corporation*, 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983). Unlike *Cone*, no federal law is implicated here which would compel a bifurcation of the issue of coverage from the liability issues which will be resolved in state court. In fact, the argument that coverage is not at issue in the state court proceedings is, at best, an artificial division of uniquely state law concerns, all of which can and should be resolved in the state cases. Nor is this like the *Will* case, in which the federal court had exclusive federal jurisdiction over one of many other issues, all local in nature, pending in state court. See *Will v. Calvert Fire Ins. Co.*, 437 U.S. 655, 98 S.Ct. 2552, 57 L.Ed.2d 504 (1978), dissent of Chief Justice Burger at p. 2560.[1]

Accordingly, for the foregoing reasons,

IT IS ORDERED:

This Court abstains from exercising federal jurisdiction, and the complaint herein is DISMISSED with all parties to bear their own costs.

---

1. Counsel emphasize that no party seeks dismissal and that although disposition of the coverage issue in federal court is only days away, disposition of the rest of the issues in state court has not progressed. Thus, they say, considerations of judicial economy are not at issue. But whether or not counsel chose to bring the coverage issue to federal court and not state court cannot serve to diminish the importance of the federal-state relationship at stake, particularly since Highlands appears to have been as amenable to process in state court as it was here. To decide this issue, when all other issues triggered by the same juridical events will be resolved under state law in state court, would inappropriately ignore the injunction to avoid piecemeal litigation, and would be disruptive of our all too delicate federal-state balance of interests. If counsel had raised the issue, rather than the Court, it would have been disposed of well in advance.