**IMPERIAL CASUALTY AND INDEMNITY CO.**

v.

**Amitie BELLINI; and Norbell Realty Corp.**

**Civ. A. No. 89–0530B.**

United States District Court,
D. Rhode Island.

Jan. 9, 1991.

---

David J. Oliveira, Richard G. Galli, Christopher C. Whitney, Adler Pollack & Sheehan Inc., Providence, R.I. for plaintiff.

Paul M. Finstein, Warwick, R.I., for defendants.

## OPINION

### FRANCIS J. BOYLE, Chief Judge.

On October 3, 1985, Michael DeSantis fell at 22–24 Atwood Street in Providence, Rhode Island. A civil action was filed on his behalf in December, 1987 in the Superior Court for the State of Rhode Island seeking compensation for personal injuries sustained in the fall. Imperial Casualty and Indemnity Company (Imperial Casualty) undertook to defend the lawsuit under a contract of insurance issued to Amitie Bellini (Bellini) in May, 1985. The defendant in this state court action was the record owner of 22–24 Atwood Street, Norbell Realty Corporation, a company co-owned by Bellini. After extensive discovery was conducted revealing the possibility of damages exceeding the limits of the insurance policy, Imperial Casualty reviewed its files and discovered that the Atwood Street property was insured in Bellini's name and not in the name of Norbell Realty. Investigation revealed that title to the property was transferred from Bellini to Norbell Realty six days before the issuance of the policy. Although Norbell Realty was later added to the policy as an additional insured regarding other properties, Norbell was never a named insured of the Atwood Street property.

Acting on this information, Imperial Casualty filed suit with this Court in October, 1989, seeking a declaratory judgment as to its obligations to Bellini and Norbell Realty under the insurance contract. Imperial Casualty has retained different counsel to pursue the declaratory judgment action in this court. It continues to conduct the defense of the case in state court. Trial is expected in state court sometime before June, 1991.

■ On its own motion, this Court has raised the question whether jurisdiction should be declined under the *Colorado River* abstention doctrine and the Declaratory Judgment Act. *See Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976); *Brillhart v. Excess Ins. Co. of Am.,* 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942) (discussing discretion to decline jurisdiction under the Declaratory Judgment Act). In *Colorado River,* the United States Supreme Court noted factors counseling in favor of dismissal of federal actions in a narrow range of cases involving parallel state and federal court cases. These factors, as articulated in later cases, include: (1) the assumption by the state court of jurisdiction over property involved in the action; (2) the inconvenience of the federal forum; (3) the avoiding of piecemeal litigation; (4) the relative progress of the suits in the state and federal forums; (5) whether state or federal law provides the rule of decision in the case. *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 19, 23, 103 S.Ct. 927, 938, 941, 74 L.Ed.2d 765 (1983); *Fuller Co. v. Ramon I. Gil, Inc.,* 782 F.2d 306, 308 (1st Cir.1986); *Colonial Penn Group, Inc. v. Colonial Deposit Co.,* 654 F.Supp. 1247, 1252 (D.R.I.), *aff'd,* 834 F.2d 229 (1st Cir. 1987). These factors are to be given weight according to the facts of each individual case and are not applied as a "mechanical checklist." *Moses H. Cone,* 460 U.S. at 16, 103 S.Ct. at 937. In exceptional cases, an evaluation of these factors may warrant abstention in the interests of "wise judicial administration, ... conservation of judicial resources and comprehensive disposition of litigation." *Colorado River,* 424 U.S. at 817, 96 S.Ct. at 1246.

■ In general, the *Colorado River* abstention doctrine is applied very strictly due to the "virtually unflagging obligation of the federal courts to exercise the jurisdiction given them." *Id.* In cases brought under the Declaratory Judgment Act, how-

ever, the standard is more relaxed. Noting that a federal court is not compelled to exercise jurisdiction in declaratory judgment actions, the First Circuit Court of Appeals has held that the *Colorado River* factors apply less stringently in declaratory judgment cases. *Fuller Co. v. Ramon I. Gil, Inc.*, 782 F.2d 306, 309 n. 3 (1st Cir.1986). Therefore, the *Colorado River* factors are to be applied "without emphasis on a federal court's duty to exercise its jurisdiction." *Id.; see Terra Nova Ins. Co. v. 900 Bar, Inc.*, 887 F.2d 1213, 1223 (3d Cir.1989) (citing *Fuller* with approval).

■ When applied to these circumstances, all of the relevant *Colorado River* factors weigh in favor of abstention. The first two factors are not relevant. No property or res is at issue. The courthouse where the state action has been filed is located only a few blocks from the federal courthouse, and thus, the state and federal forums are equally convenient to the parties. The third factor, the avoidance of piecemeal litigation, favors resolution of the case in state court. The insurance coverage issues that are the subject of the declaratory judgment action before this Court are equally capable of resolution in state court under the Rhode Island Declaratory Judgment Act. Furthermore, the issues presented in the two actions are inextricably intertwined and dependant. The insurance coverage issues are moot unless liability is found on the negligence issues presented in state court. In a similar way, resolution of the coverage issues will necessarily, as a practical matter, affect the chances of settlement in the state court action. A single court, experienced with the case, is in a better position to evaluate the claims and to schedule trial on the two aspects of the case in the most efficient manner. Concern for judicial economy thus weighs in favor of resolution of the insurance coverage issues in state court.

The fourth factor requires an evaluation of the relative progress of the suits in state and federal court. The lawsuit in state court was filed in December, 1987 and is now on the eve of trial. The complaint was filed in this Court almost two years later on October 4, 1989. Because the federal suit involves declaratory judgment relief, the advanced stage of the litigation in state court is particularly important. The Supreme Court of Rhode Island has noted that declaratory relief may be particularly useful for affording an insurer an "advance determination as to its contractual duty to defend or indemnify one of its policyholders." *Employer's Fire Ins. Co. v. Beals*, 103 R.I. 623, 628, 240 A.2d 397, 401 (1968). The advantage of obtaining such an advance determination is largely lost at this point because the case in state court has already reached the trial stage. As a result, the argument for exercising jurisdiction solely for the purpose of a declaratory judgment is less compelling.

The delay in filing is, of course, attributable to Imperial Casualty. When a party changes its position late in state court litigation and seeks a remedy in a federal forum there is always the possibility that the choice of forum was made in order to avoid litigating the action in the state court. Abstention is one means of preventing this type of forum shopping. *See Fuller Co. v. Ramon I. Gil, Inc.*, 782 F.2d 306, 309–10 (1st Cir.1986); *Colonial Penn Group, Inc. v. Colonial Deposit Co.*, 654 F.Supp. 1247, 1253 (D.R.I.), *aff'd*, 834 F.2d 229 (1st Cir.1987). For these reasons the fourth *Colorado River* factor argues strongly for abstention.

The last factor to be evaluated is whether state or federal law provides the rule of decision. If state law is at issue, a state court may be the more appropriate forum, all other factors being equal. This action does not raise a federal question in any sense. State court is, therefore, the preferable forum.

Overall, the balancing of these factors favors abstention. Other courts, considering similar facts, have reached the same conclusion.[1] For example, In *Highlands*

---

1. *See Ohio Casualty Co. v. Jackson County Bank,* 562 F.Supp. 1165 (W.D.Wis.1983) (abstention appropriate in declaratory judgment action to determine coverage of Bank Employee Blanket Bond where state court had jurisdiction of underlying civil action).

*Insurance Company v. A.E. Investments, Inc.*, 637 F.Supp. 213 (E.D.La.1986), the United States District Court for the Eastern District of Louisiana abstained from exercising jurisdiction over a declaratory judgment action involving solely a state law question of insurance coverage where liability and all other issues were presented in state court. In *Highlands Insurance,* the federal court plaintiff, an insurance company, was not a party in the state court action but sought a declaratory judgment to determine whether its insurance policy insured defendants in that action. The *Highlands* court emphasized that the issues before the federal court involved state law only and did not "compel a bifurcation of the issue of coverage from the liability issues which [would] be resolved in state court." *Id.* at 214, 215. Noting further that "the coverage issue must ultimately be decided either here or in state court," the *Highlands* court found that exercise of jurisdiction carried with it a danger of piecemeal litigation. *Id.* at 214. The court concluded that evaluation of the *Colorado River* factors weighed heavily in favor of abstention.

The matter here is no different. Imperial Casualty, although not a party to the lawsuit in state court, is involved in the defense of that action and may ultimately be liable under the provisions of the insurance policy. Given that there is a total absence of a federal question warranting the exercise of federal jurisdiction, *compare Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 23–26, 103 S.Ct. 927, 941–942, 74 L.Ed.2d 765 (1983), dismissal in favor of the state court action is appropriate.

In conclusion, for the reasons stated, this action is dismissed.

SO ORDERED.