**Mark A. JACKSON, Plaintiff,**

v.

**UNISEA, INC., a Washington corporation, et al., Defendants.**

**No. A91–606 Civil.**

United States District Court, D. Alaska.

Sept. 23, 1992.

896

Kurt LeDoux, LeDoux & LeDoux, Kodiak, AK, for plaintiff.

John Casperson, Faulkner Banfield Doogan & Holmes, Anchorage, AK, for defendants.

### ORDER

#### (Partial Summary Judgment)

HOLLAND, Chief Judge.

Mark A. Jackson, an alleged seaman, brings a claim for personal injuries suffered on defendants' vessel. The plaintiff asserts a claim for negligence under the Jones Act as well as claims for both maintenance and cure and breach of the duty of seaworthiness under general maritime law. Under his general maritime claims, the plaintiff asserts a right to recover punitive damages.

■ On cross-motions for summary judgment by each party, this court is asked to decide the purely legal issue of the availability of punitive damages in a personal injury cause of action under general maritime law when the claim includes a cause of action governed by the Jones Act. Assuming for purposes of these motions that the plaintiff was indeed a seaman to whom the duty of seaworthiness is extended and to whom the protection of the Jones Act specifically applies, this court would rule that the Supreme Court's decision in *Miles v. Apex Marine,* 498 U.S. 19, 111 S.Ct. 317, 112 L.Ed.2d 275 (1990), prevents the plaintiff from recovering punitive damages under general maritime law in this personal injury cause of action.

■ The Jones Act, through its incorporation of the Federal Employers' Liability Act (FELA), limits recoverable damages to pecuniary losses. 46 U.S.C.App. § 688(a) (West Supp.1992); *see Michigan Central R.R. v. Vreeland,* 227 U.S. 59, 33 S.Ct. 192, 57 L.Ed. 417 (1913) (limiting recovery for wrongful death under FELA to pecuniary damages). Punitive damages are non-pecuniary. *Kopczynski v. The Jacqueline,* 742 F.2d 555, 561 (9th Cir.1984), *cert. denied,* 471 U.S. 1136, 105 S.Ct. 2677, 86 L.Ed.2d 696 (1985). Punitive damages, therefore, are not recoverable under the Jones Act. *Id.*

■ In addition to a Jones Act negligence claim, an injured seaman has two general maritime claims for relief against his employer: maintenance and cure and unseaworthiness. *See The Osceola,* 189 U.S. 158, 175, 23 S.Ct. 483, 487, 47 L.Ed. 760 (1903). When brought individually and not as a supplement to a claim under the Jones Act or the Death on the High Seas Act (DOHSA), 46 U.S.C.App. § 762 (West 1975), some courts have recognized the availability of punitive damages with respect to each of these claims. *See Vaughan v. Atkinson,* 369 U.S. 527, 540, 82 S.Ct. 997, 1004, 8 L.Ed.2d 88 (1962) (Stewart, J., dissenting) (exemplary damages available where shipowner's refusal to pay maintenance was the result of a wanton and intentional disregard of the legal rights of the seaman); *Robinson v. Pocahontas, Inc.,* 477 F.2d 1048, 1051–52 (1st Cir.1973) (permitting recovery of punitive damages under maintenance and cure claim where defendant's refusal to pay maintenance was callous, willful, or recalcitrant); *Evich v. Morris,* 819 F.2d 256, 258 (9th Cir.1987), *cert. denied,* 484 U.S. 914, 108 S.Ct. 261, 98 L.Ed.2d 218 (1987) (permitting punitive damages in survival action upon a showing of conduct that manifests reckless or callous disregard for the rights of others or gross negligence or actual malice criminal indifference).

The Supreme Court has addressed the availability of nonpecuniary damages brought under a general maritime claim to supplement a statutory cause of action. In *Mobil Oil Corp. v. Higginbotham*, 436 U.S. 618, 98 S.Ct. 2010, 56 L.Ed.2d 581 (1978), the Court held that the recovery of non-pecuniary loss of society damages under general maritime law, though recoverable when standing alone, could not be used to supplement the recovery under the DOHSA which limited recovery to pecuniary damages. According to the Court, "[t]he [Death on the High Seas] Act does not address every issue of wrongful-death law, but when it does speak directly to a question, the courts are not free to 'supplement' Congress' answer so thoroughly that the Act becomes meaningless." *Id.* at 625, 98 S.Ct. at 2015.

The Supreme Court has also refused to allow the supplementation of a Jones Act wrongful death recovery with a claim for loss of society damages under general maritime law. *Miles v. Apex Marine*, 498 U.S. 19, 32, 111 S.Ct. 317, 326, 112 L.Ed.2d 275 (1990). According to the Court, the logic of its opinion in *Higginbotham* controlled the disposition in *Apex Marine*. *Id.* at 31, 111 S.Ct. at 325. Although the Jones Act did not specifically limit damages to pecuniary loss as the DOHSA did, the Court looked to the damage scheme Congress contemplated when it enacted the Jones Act. *Id.* The Court recognized that while the Jones Act "evinces no general hostility to recovery under maritime law", *id.* at 29, 111 S.Ct. at 324, courts assume "Congress is aware of existing law when it passes legislation[ ]" *id.* at 32, 111 S.Ct. at 325. When Congress passed the Jones Act, it incorporated unaltered the substantive recovery limitation provisions of the FELA. *Id.*

Since the Jones Act limited the recovery for wrongful death to pecuniary damages, the Jones Act precluded the estate from recovery for loss of society under general maritime law. *Id.* The Court's strong deference to Congress was evident in its declaration that:

> We no longer live in an era when seamen and their loved ones must look primarily to the courts as a source of substantive legal protection from injury and death; Congress and the States have legislated extensively in these areas. In this era, an admiralty court should look primarily to these legislative enactments for policy guidance. We may supplement these statutory remedies where doing so would achieve the uniform vindication of such policies consistent with our constitutional mandate, but we must also keep strictly within the limits imposed by Congress. ....

> ....

> ... It would be inconsistent with our place in the constitutional scheme were we to sanction more expansive remedies in a judicially-created cause of action in which liability is without fault than Congress has allowed in cases of death resulting from negligence.

*Id.* at 27, 32, 111 S.Ct. at 323, 326.

The Ninth Circuit Court of Appeals' view on the availability of punitive damages as a supplement under general maritime law to available federal statutory remedies is unclear. In *Bergen v. F/V St. Patrick*, 816 F.2d 1345 (9th Cir.1987), *cert. denied sub nom.*, *Kidd v. F/V St. Patrick*, 493 U.S. 871, 110 S.Ct. 200, 107 L.Ed.2d 154 (1989), the court followed the lead of the Supreme Court's opinion in *Higginbotham* and held that a plaintiff could not recover punitive damages under a general maritime claim of unseaworthiness when that claim was tied to claims under both the DOHSA and the Jones Act. *Id.* at 1349. However, in *Evich v. Morris*, 819 F.2d 256 (9th Cir.1987), the court cited with approval a Fifth Circuit Court of Appeals decision permitting punitive damages under general maritime law to supplement a Jones Act claim. *Id.* at 258, *citing In re Merry Shipping, Inc.*, 650 F.2d 622, 625 (5th Cir.1981).

The Ninth Circuit Court of Appeals has not yet considered the effect of *Apex Marine*. It appears clear, however, that the *Apex Marine* decision precludes the supplementation of a Jones Act claim with a punitive damage recovery under general maritime law. To allow such a recovery would sanction more expansive judicial remedies

than Congress allowed in cases of personal injury resulting from negligence.[1]

Defendants' motion for partial summary judgment on the issue of punitive damages under general maritime law is granted, and plaintiff's like motion is denied.

---

1. *See Complaint of Aleutian Enterprise, Ltd.,* 777 F.Supp. 793 (W.D.Wash.1991) (applying similar logic to deny a claim for punitive damages under general maritime law to supplement recovery under the Jones Act).