**Jorge ORTEGA, Plaintiff,**

v.

**OCEANTRAWL, INC., an Alaskan Corporation, and the F/V NORTHERN EAGLE, her engines, tackle, gear, apparel, furniture, and equipment, O.N., Defendants.**

**No. A91–174 Civil.**

United States District Court, D. Alaska.

Oct. 8, 1992.

David H. Shoup, Condon, Partnow & Sharrock, Anchorage, AK, for plaintiff.

Michael T. Stehle, Steven E. Mulder, Bogle & Gates, Anchorage, AK, for defendant.

## MEMORANDUM AND ORDER

VON DER HEYDT, District Judge.

### I. INTRODUCTION.

This cause comes before the court on motion for partial summary judgment, filed August 31, 1992 (Docket No. 21), by defendant Oceantrawl, Inc. For the reasons stated below, defendant's motion is granted in part and denied in part.

### II. BACKGROUND.

Plaintiff Jorge Ortega filed a complaint April 25, 1991 in admiralty pursuant to the Jones Act and general maritime law. Plaintiff's first count in his complaint alleges negligence and unseaworthiness; the second count makes a claim for maintenance and cure; and the third count seeks exemplary damages for each of the other claims. Defendant filed a partial summary judgment motion, seeking to dismiss plaintiff's claim for exemplary damages.

### III. DISCUSSION.

Defendant's motion presents three issues. The first two issues present questions of law. Defendant asserts that under a recent United States Supreme Court case, plaintiff cannot pursue, as a matter of law, a claim for punitive damages under the Jones Act and general maritime law. Second, defendant submits that the same Supreme Court case precludes plaintiff from seeking punitive damages for his maintenance and cure claim. The third issue presents a question of fact. Defendant states that plaintiff has been paid all maintenance and cure which is due him, and that those payments are continuing. Defendant contends that if plaintiff is allowed to assert his punitive damage claim in regard to his maintenance and cure claim, he can present no evidence of willful and arbitrary refusal to pay maintenance and cure, and thus punitive damages are not available.

#### A. *Standard for Summary Judgment Motion.*

Federal Rule of Civil Procedure 56(c) provides that summary judgment shall be entered when:

[T]he pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Once the moving party meets its initial burden of identifying for the court the portions of the record that it believes demonstrate the absence of any genuine issue of material fact, the opposing party must provide probative evidence tending to support its claim. *Commodity Futures Trading Com. v. Savage,* 611 F.2d 270, 282 (9th Cir. 1979).

■ Summary judgment is appropriate where the responding party has failed to produce sufficient evidence to allow a reasonable trier of fact to find in its favor on an element of the respondent's claim or defense upon which it will bear the burden of proof at trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986). Further, inferences may be drawn in favor of the nonmoving party only if they are rational, reasonable, and otherwise permissible in light of the governing substantive law and substantive evidentiary burden. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 253–54, 106 S.Ct. 2505, 2512–13, 91 L.Ed.2d 202 (1986); *T.W. Electrical Service, Inc. v. Pacific Electrical Contractors Assn,* 809 F.2d 626, 631 & n. 3 (9th Cir.1987).

B. *Defendant's Summary Judgment Motion.*

1. Punitive Damages for Jones Act and General Maritime Claims.

■ At one time punitive damages were available for claims brought under the Jones Act and general maritime law. However, under a recent Supreme Court case, this view has changed. *Miles v. Apex Marine Corp.,* 498 U.S. 19, 111 S.Ct. 317, 112

L.Ed.2d 275 (1990). Several district courts have looked at the question whether punitive damages are unavailable for not only wrongful death claims, but also for injury claims. Numerous cases are cited in defendant's brief supporting such an argument. A minority of district court cases, cited in plaintiff's brief, have determined that punitive damages are not precluded under general maritime law.

The Ninth Circuit Court of Appeals has not addressed the issue. Chief Judge Holland of this district was recently called upon to resolve a similar issue as raised by defendant's first issue in the present case. *Jackson v. Unisea, Inc.,* 824 F.Supp. 895 (D.Alaska 1992).[1] As in this case, the injured seaman in *Jackson* brought a claim for negligence under the Jones Act, a claim for unseaworthiness under general maritime law and a claim for maintenance and cure. A claim for exemplary damages was also made in regard to the unseaworthiness claim and the maintenance and cure claim. Judge Holland ruled that in light of the Supreme Court's decision in *Miles,* punitive damages are now unavailable in personal injury suits under both the Jones Act and under general maritime law as to the unseaworthiness claim. This court elects to follow Judge Holland's ruling in his *Jackson* opinion for the reasons set forth therein. As to this issue, the court grants defendant's summary judgment motion.

2. Punitive Damages for Maintenance and Cure Claims.

■ Defendant's motion seeks dismissal of plaintiff's exemplary damage claim. Plaintiff's exemplary damage claim incorporates not only his negligence and unseaworthiness count, but also his maintenance and cure count. Defendant's argument suggests that, even as to the maintenance and cure claim, punitive damage recovery has been foreclos-

---

1. Judge Holland also addressed a closely analogous issue in *James Trail and Ardele Trail v. Northern Eagle Partners, L.P.,* No. A91–603 Civ., 1992 WL 486942 (D.Alaska, filed Aug. 17, 1992). In that case, the wife of the injured seaman was seeking loss of consortium damages under the Jones Act and general maritime law. Relying on other court decisions, Judge Holland ruled the Jones Act allows only an injured seaman, and not a spouse, to maintain an action for damages. Therefore, Ardele Trail's loss of consortium claim under the Jones Act failed. As to the loss of consortium claim under general maritime law, Judge Holland relied on *Miles* and concluded that the spouse of a non-fatally injured seaman suing under general maritime law may not recover for loss of consortium.

ed by *Miles*. The court does not agree that the rationale in *Miles* extends to an exemplary damage claim in regard to maintenance and cure. Although the issue was not discussed separately in the submitted briefs, some of the same cases relied upon by defendant to support its argument that punitive damages should not be allowed for Jones Act and general maritime claims also addressed the issue of whether exemplary damages should be allowed for maintenance and cure claims. *See Anderson v. Texaco, Inc.*, 797 F.Supp. 531, 536–37 (E.D.La.1992); *Howard v. Atlantic Pacific Marine Corp.*, No. Civ.A. 89–3073, 1992 WL 55487 at *2 (E.D.La. Feb. 28, 1992); *Rowan Companies v. Badeaux*, Nos. Civ.A. 90–0370, 90–0756, 1991 WL 175541 at *2 (E.D.La. Aug. 28, 1991).

The Supreme Court in *Miles* sought to establish a policy of uniformity of damages for the Jones Act, the Death on the High Seas Act and general maritime law. In doing so, the Court precluded recovery of punitive damages for unseaworthiness and negligence. Its decision had no effect, however, on the law of damages related to maintenance and cure. The failure to pay a maintenance and cure claim is a contractual claim, implied in the seaman's employment contract with the shipowner. Such a claim is not governed by any statute and does not implicate strict liability or negligence standards. The court agrees with the analysis in the above cases that *Miles* does not extend to preclude a claim for exemplary damages in regard to a claim for maintenance and cure. As to this issue, the court denies defendant's motion for summary judgment.

3. Plaintiff's Claim for Exemplary Damages in Regard to His Maintenance and Cure Claim.

■ Defendant seeks, in the alternative, that if the Supreme Court decision in *Miles* does not bar a punitive damages claim under general maritime law for willful and arbitrary refusal to pay maintenance and cure, plaintiff can present no facts which support his claim. Defendant maintains that plaintiff has been paid all maintenance and cure which is due him and that those payments are continuing. Because plaintiff can present no evidence, defendant concludes that

punitive damages are not available in regard to plaintiff's maintenance and cure claim.

Plaintiff's second count of his complaint is for maintenance and cure. The third count for exemplary damages incorporates by reference counts one and two. Count three alleges that any and all of defendant's actions as referenced in counts one and two were committed with reckless indifference to plaintiff's interests; and/or were outrageous; and/or were committed with gross negligence for which defendant should be liable for exemplary damages. Plaintiff does not set forth any facts in his opposition to defendant's summary judgment motion to support his claim that defendant has been willful and arbitrary in refusing to pay his maintenance and cure. Plaintiff does not dispute that he has been paid maintenance and cure, or that he continues to receive maintenance and cure payments.

Under the facts presented to the court, plaintiff cannot meet the standard for allowing a punitive damage claim for failure to provide maintenance and cure. Plaintiff does not dispute that he has received and continues to receive maintenance and cure payments. A rational trier of fact could not find that defendant has been willful and arbitrary in refusing to pay plaintiff his maintenance and cure. Summary judgment is appropriate where the responding party has failed to produce sufficient evidence to allow a reasonable trier of fact to find in its favor on an element of the respondent's claim or defense upon which it will bear the burden of proof at trial. *Celotex Corp.*, 477 U.S. at 322–23, 106 S.Ct. at 2552–53. Defendant's motion for summary judgment in regard to plaintiff's lack of facts to support his claim for punitive damages with respect to his claim for maintenance and cure is granted.

■ The court notes concern that a claim for exemplary damages in regard to the maintenance and cure count was made in plaintiff's complaint which apparently had no basis in fact. The court disapproves of frivolous claims. Opposing counsel and the court are consequently required to conduct research regarding claims that have no basis. Sanctions could be an appropriate remedy. The court is aware, however, that plaintiff's

present counsel was not counsel when the complaint was filed, and thus concludes that sanctions would not be appropriate under these circumstances.

## IV. ORDER.

Accordingly, IT IS ORDERED THAT defendant's motion for partial summary judgment is GRANTED IN PART and DENIED IN PART as outlined above.