HOSPAH COAL COMPANY, a Delaware corporation, Santa Fe Industries, Inc., a Delaware corporation, The Atchison, Topeka & Santa Fe Railway Company, a Delaware corporation, and Santa Fe Mining, Inc., a Kansas corporation, Plaintiffs-Appellees,

v.

CHACO ENERGY COMPANY, a New Mexico corporation, and Texas Utilities Company, a Texas corporation, Defendants-Appellants.

No. 82–1149.

United States Court of Appeals,
Tenth Circuit.

March 29, 1982.

Certiorari Denied June 1, 1982.
See 102 S.Ct. 2299.

John R. Cooney of Modrall Sperling Roehl Harris & Sisk, Albuquerque, N. M. (Gus Svolos, Chicago, Ill., and Allen C. Dewey, Peter J. Adang, and John S. Thal of Modrall Sperling Roehl Harris & Sisk, Albu-

querque, N. M., with him on the brief), for plaintiffs-appellees.

Gordon B. Spivack of Lord, Day & Lord, New York City (M. D. Sampels, Richard L. Adams, and Max E. Freeman II of Worsham, Forsythe & Sampels, Dallas, Tex., John N. McBaine, Jonathan M. Jacobson, Jonathan E. Clune, and Elinor R. Hoffmann of Lord, Day & Lord, New York City, James C. Ritchie and Rex Throckmorton of Rodey, Dickason, Sloan, Akin & Robb, P. A., Albuquerque, N. M., and Walter A. Steele of White & Steele, P. C., Denver, Colo., with him on the briefs), for defendants-appellants.

Before BARRETT, DOYLE and McKAY, Circuit Judges.

BARRETT, Circuit Judge.

This is an appeal from a grant of a preliminary injunction by the United States District Court for the District of New Mexico. The pertinent facts follow:

On December 18, 1981 Chaco Energy Company (Chaco) and Texas Utilities Company (TUC), defendants-appellants herein, filed suit in the United States District Court for the Northern District of Texas naming as defendants, among others with whom we are not now concerned, Santa Fe Industries, Inc. (SFI), the Atchison, Topeka and Santa Fe Railway Co. (SFR) and Santa Fe Mining, Inc. (SFM). The complaint in the Texas action alleged a conspiracy on the part of SFI, SFR, SFM and others amounting to a violation of the federal and New Mexico antitrust laws. The complaint further alleged common law fraud in the inducement and sought declaratory judgment, rescission of contracts, treble damages and injunctive relief.

Three days later, on December 21, 1981, SFI, SFR, SFM and Hospah Coal Company, a non-party defendant, co-conspirator in the Texas action, filed a declaratory judgment action in the United States District Court for the District of New Mexico, naming TUC and Chaco as defendants. The complaint in the New Mexico action requested a declaration that the plaintiffs had not violated the antitrust laws and it sought an injunction against TUC and Chaco to prohibit them from proceeding with the Texas action. The basis for the requested preliminary injunction was a venue selection clause in a certain coal lease placing venue in New Mexico for all suits "arising out of or relating to" the coal lease.[1] The coal lease was signed by Hospah Coal Company and Chaco. A surety agreement between TUC and Hospah purportedly adopted the venue selection clause of the coal lease. It should be noted that Hospah Coal Company, SFM and SFR are all subsidiaries of SFI. Chaco is a subsidiary of TUC.

Service of process was accomplished in the New Mexico action prior to service in the Texas action. In response to the filing of the New Mexico action, TUC and Chaco sought a temporary restraining order against SFM, SFR, SFI and Hospah in the Texas district court. The Texas court declined to issue the TRO.

Thereafter, on January 11, 1982, the New Mexico district court issued a preliminary injunction enjoining TUC and Chaco from proceeding further in the Texas action. On January 14, 1982, Hospah, SFI, SFM and SFR filed a motion to stay or in the alternative to dismiss the Texas action in the Texas court. They did so in light of the New Mexico injunction. The Texas court issued an order requiring TUC and Chaco to respond to the motion to stay. TUC and Chaco then filed in the New Mexico court a motion to suspend the preliminary injunction in order to allow them an opportunity to respond to the stay motion in the Texas action. The New Mexico court denied the motion to suspend the injunction. Thereupon, TUC and Chaco filed this appeal, to-

---

1. Hospah, SFI, SFR and SFM also asserted that the Texas action should not be allowed to proceed because Hospah was an indispensable party to that action. Inasmuch as the New Mexico court did not specifically address that issue, but rather issued the injunction upon finding that the venue selection clause controlled, we do not deem it necessary to address that issue. In any event, the defense of failure to join an indispensable party is properly the subject of a rule 12(b) motion, FRCP, 28 U.S. C.A.

gether with a motion to stay the New Mexico injunction pending appeal and a motion to expedite hearing of the appeal. We granted the motion to stay the injunction pending appeal and we expedited the hearing.

Prior to the denial of the motion to suspend the injunction in the New Mexico court, TUC and Chaco filed another suit in the same New Mexico court raising the same allegations as those in the Texas action. TUC and Chaco also filed an answer and a counterclaim in the original New Mexico action. In all of their New Mexico filings, TUC and Chaco reserved their rights to object to venue.

The ultimate issue to be resolved is which court should exercise venue and hear the case. Thus, the issue before us is which court should make the determination on the ultimate issue of venue.

Both parties recognize the general rule that when two courts have concurrent jurisdiction, the first court in which jurisdiction attaches has priority to consider the case. *O'Hare International Bank v. Lambert*, 459 F.2d 328 (10th Cir. 1972), and cases cited therein. The parties disagree, however, as to where jurisdiction first attached. TUC and Chaco contend that the Texas court obtained jurisdiction first because the complaint was filed in that court prior to the filing of the complaint in the New Mexico court. Hospah, SFI, SFR and SFM contend that because service of process was accomplished first in the New Mexico action, jurisdiction attached first in the New Mexico court.

■ This circuit has adopted the rule announced in *Barber Greene Company v. Blaw-Knox Company*, 239 F.2d 774, 778 (6th Cir. 1957) that, "in both *in rem* and *in personam* actions, jurisdiction relates back to the filing of the complaint." Accord,

*Product Engineering and Manufacturing, Inc. v. Barnes*, 424 F.2d 42 (10th Cir. 1970). The rule that jurisdiction relates back to the filing of the complaint gives effect to Fed.Rules Civ.Proc. rule 3, 28 U.S.C.A., which provides that, "[a] civil action is commenced by filing a complaint with the court." Accordingly we must hold that jurisdiction over the parties and issues herein attached first in the Texas district court.

In *O'Hare International Bank v. Lambert, supra* at 331, we recognized this exception to the first-to-file rule: "[t]he only justification for employment of injunctive power by a court in a case such as this is to prevent a misuse of litigation in the nature of vexatious and oppressive foreign suits." The New Mexico district court ruled that the Texas action was vexatious, and the injunction was issued on that basis. Apparently, the New Mexico court perceived the Texas action as an attempt by TUC and Chaco to circumvent the venue selection clause in the coal lease.

■ The existence of a venue selection clause does not impose an absolute duty nor does it endow a party with an absolute right to have every dispute between the parties litigated in the named forum. The applicability of the venue selection clause is an issue of fact in and of itself. We do not consider it vexatious for a party to raise this issue in a forum other than the one designated in the venue selection clause.[2]

■ Fed.Rules Civ.Proc. rule 12(b), 28 U.S.C.A., requires a party to assert a defense of improper venue by way of motion or responsive pleading. If we were to permit a party to object to venue by filing suit for injunctive relief in a separate forum, we would, in essence, be rendering rule 12(b) a nullity. The fact that a venue selection clause is involved does not negate the requirements of rule 12(b). Were it other-

---

2. While we are not here in a position to rule on the applicability of the venue selection clause, we are of the view that the case presents a genuine issue of fact in that regard. In light of the fact that the Texas complaint alleges a conspiracy commencing on or about 1974 and the lease containing the selection clause was

not entered into until 1977 it is not clear to us that the venue selection clause controls. Furthermore, it is not readily apparent to us that the lease is binding on parties to this lawsuit who are not parties to the lease. These are factors for the district court to consider.

wise, a party to such a contract would be invading the province of the courts to decide issues of venue. Such an interpretation of the effect of a venue selection clause generated the initial dislike of the courts for such clauses. *See The Bremen v. Zapata Off-Shore Co.,* 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972).

In a similar vein, § 1404(a), 28 U.S.C.A. establishes a procedure whereby a party may request a change of venue. If we were to allow a party who desires or asserts a right to litigate his suit in a court other than that where the challenged suit is first filed, we would render the procedures outlined in § 1404(a) little more than an exercise in futility.

Hospah, SFI, SFR and SFM chose to totally ignore the requirements of Fed.Rules Civ.Proc. rule 12(b), 28 U.S.C.A. and failed to avail themselves to the procedures out-· lined in § 1404(a), 28 U.S.C.A. Instead they went directly to the New Mexico court and asked for an injunction.

■ The authorities relied upon by Hospah, SFI, SFR, and SFM to support their procedure, *Columbia Plaza Corp. v. Security Nat. Bank,* 525 F.2d 620 (D.C.Cir. 1975), *William Gluckin Co. v. International Platex Corp.,* 407 F.2d 177 (2d Cir. 1969), among others, in turn rely upon *Kerotest Mfg. Co. v. C-O-Two Co.,* 342 U.S. 180, 72 S.Ct. 219, 96 L.Ed. 200 (1952) for the proposition that the first-to-file rule is not entitled to "mechanical application". We agree to the extent we find that *Kerotest* stands for the proposition that simply because a court is the first to obtain jurisdiction does not necessarily mean that it should decide the *merits* of the case. However, in *Kerotest* the Court pays great deference to the district court's ability to decide if it should accept venue.[3] We believe that *Kerotest* is in line with our view that the court which

first obtains jurisdiction should be allowed to first decide issues of venue.

The manufacturer who is charged with infringing a patent cannot stretch the Federal Declaratory Judgments Act to give him a paramount right to choose the forum for trying out questions of infringement and validity. He is given an equal start in the race to the courthouse, not a headstart. If he is forehanded, subsequent suits against him by the patentee can within the trial court's discretion be enjoined pending determination of the declaratory judgment suit, and a judgment in his favor bars suits against his customers. If he is anticipated, the court's discretion is broad enough to protect him from harassment of his customers. If the patentee's suit against a customer is brought in a district where the manufacturer cannot be joined as a defendant, the manufacturer may be permitted simultaneously to prosecute a declaratory action against the patentee elsewhere. And if the manufacturer is joined as an unwilling defendant in a *forum non conveniens, he has available upon an appropriate showing the relief provided by § 1404(a)* of the Judicial Code. 62 Stat. 869, 937, 28 U.S.C. § 1404(a).

342 U.S. at pp. 185, 186, 72 S.Ct. at p. 222 [Emphasis supplied]. [Footnotes omitted].

■ In summary, the declaratory judgment action cannot be used as a substitute for the rules of civil procedure in response to a pending lawsuit, *Public Service Comm'n. v. Wycoff Co.,* 344 U.S. 237, 73 S.Ct. 236, 97 L.Ed. 291 (1952), *Product Engineering and Manufacturing, Inc. v. Barnes, supra,*[4] nor can declaratory judgment be used as yet another weapon in a game of

**3.** Hospah, SFI, SFM and SFR intimated throughout that because the outcome of this litigation would affect Texas consumers, their rights may not be adequately protected in the Texas courts. The Court in *Kerotest* addressed a similar argument. There, the Court said, "Such apprehension implies a lack of discipline and of disinterestedness on the part of the

lower courts, hardly a worthy or wise basis for fashioning rules of procedure." 342 U.S. at p. 185, 72 S.Ct. at p. 222.

**4.** Although these cases involve federal-state relationships, the underlying principles are equally applicable to comity between the federal courts.

procedural warfare. *Kerotest Mfg. Co. v. C-0-Two Co., supra.*

The motion to dismiss this appeal as moot filed February 19, 1982, by plaintiffs-appellees is denied. The motion to reinstate preliminary injunction pending appeal filed February 19, 1982, by plaintiffs-appellees is denied.

The cause is remanded to the district court with instruction to dismiss the preliminary injunction.