808 F.2d 835
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
James POUNCY, Jr., Plaintiff-Appellant,
v.
E. MURRAY, Director; F.L. Finkerbiner, Warden; Lt. Ray;
Nurse Wagoner, Defendants-Appellees.
 No. 86-7203.
 United States Court of Appeals, Fourth Circuit.
 Submitted Oct. 31, 1986.
Decided Dec. 12, 1986.
 
 Before HALL, ERVIN and CHAPMAN Circuit Judges.
 James Pouncy, Jr., appellant pro se.
 Mary Sue Terry, Office of the Attorney General of Virginia, for appellees.
 PER CURIAM:
 
 
 1
 James Pouncy, Jr., a Virginia inmate, seeks to appeal from the district court's dismissal, without prejudice, of his civil rights action.
 
 
 2
 The district court on February 18, 1986, received the complaint in this action. At the court's request, the Virginia Department of Corrections furnished a record of Pouncy's inmate trust fund. The record showed that in the six months immediately preceding the filing of the complaint, Pouncy had deposited a total of $453.66 in his account. Pursuant to Evans v. Croom, 650 F.2d 521 (4th Cir.1981), cert. denied, 454 U.S. 1153 (1982), the court in an order filed March 25, 1986, ordered Pouncy to pay a filing fee of $60.00. This figure represented less than 15% of the sums received in Pouncy's trust account in the preceding six months.
 
 
 3
 Pouncy filed objections, and by order dated April 30, 1986, the district court reduced the filing fee to $30.00. Pouncy then sought to pay the $30.00 fee in installments of $5.00 per month over a six-month period. The Court denied Pouncy's request, and by order dated May 28, 1986, directed Pouncy to pay the fee of $30.00 within 20 days of the order or suffer dismissal of the action. When Pouncy did not pay the fee, the district court dismissed the action.
 
 
 4
 On appeal, Pouncy raises two issues. First, he argues that the district court should have transferred the action to the United States District Court for the Western District of Virginia. Pouncy sought the same transfer below because he believed that the Western District permitted fee payments to be made on the installment plan. The district court denied the transfer request, reasoning that it could not transfer a civil action until the filing fee had been paid. We agree. See Boyce v. Alizaduh, 595 F.2d 948, 950 (4th Cir.1979) ("[o]nce leave [to proceed in forma pauperis] has been granted, the complaint should be filed....") (quoting Federal Judicial Center, Recommended Procedures for Handling Prisoner Civil Rights Cases in the Federal Courts (Tentative Report No. 2, 1977)). Cf. Hospah Coal Co. v. Chaco Energy Co., 673 F.2d 1161, 1163 (10th Cir.) (jurisdiction attaches upon filing of complaint and court which first obtains jurisdiction should decide venue issues), cert. denied, 456 U.S. 1007 (1982); Fed.R.Civ.P. 3.
 
 
 5
 Pouncy's other objection is that the district court failed to observe Evans, supra, when it declined to permit Pouncy to pay the filing fee under an installment plan. The district court has broad discretion in granting or denying an in forma pauperis petition filed under Sec. 1915. Graham v. Riddle, 554 F.2d 133 (4th Cir.1977). We discern no abuse of discretion here.
 
 
 6
 As the fee assessment procedures followed by the district court computed with the system approved in Evans, we deny leave to proceed on appeal in forma pauperis and dismiss the appeal. Because the dispositive issues recently have been decided authoritatively, we dispense with oral argument.
 
 
 7
 DISMISSED.