**REPUBLIC INSURANCE COMPANY, Plaintiff,**

v.

**SINCLAIR OIL CORPORATION, a Wyoming corporation, Defendant.**

No. 91–C–1113–S.

United States District Court, D. Utah, C.D.

April 20, 1992.

O'Neill, Chadbourne & Parke, New York City, for plaintiff.

Jennifer Falk, Stephen G. Crockett, Stephen T. Hard, Milo Steven Marsden, Giauque, Crockett & Bendinger, Phelon Scott Rammel, Peter M. Johnson, Sinclair Oil Corp., Salt Lake City, Utah, John E. Stanfield, Smith, Stanfield & Scott, Laramie, Wyo., Blair J. Trautwein, John B. Speight, Hathaway, Speight, Kunz, Trautwein & Barrett, Cheyenne, Wyo., for defendant.

## MEMORANDUM DECISION AND ORDER

SAM, District Judge.

This matter is before the Court on defendant Sinclair Oil Corporation's (Sinclair) Motion to Dismiss, Stay or Transfer. The hearing on the motion was held on Thursday, March 26 at 9:00 a.m. Stephen G. Crockett, Esq., Phelon S. Rammel, Esq., Jennifer Falk, Esq. and Peter M. Johnson, Esq. represented defendant Sinclair and Jerry D. Fenn, Jr., Esq. appeared in behalf of plaintiff Republic Insurance Company (Republic). At the conclusion of oral argument, the Court took the matter under advisement.

*Facts*

Republic filed this declaratory judgment action in an effort to obtain a judicial determination that Republic is not required by its policy of insurance to provide coverage to Sinclair for millions of dollars which Sinclair has paid and may yet be required to pay as a result of actions filed by governmental agencies and hundreds of private litigants in connection with pollution to an oil refinery owned by Sinclair in Evansville, Wyoming and to a residential subdivision located adjacent to that refinery.

After Sinclair requested coverage, Republic undertook an investigation to determine whether it would provide coverage under the policy. On October 25, 1991, prior to notifying Sinclair of its intention to deny coverage, Republic filed this action for declaratory relief. Approximately twenty minutes later Republic notified Sinclair by facsimile that it was denying the requested coverage. Within an hour of

Joy L. Clegg, Jerry D. Fenn, Jr., Snow, Christensen & Martineau, Salt Lake City, Utah, James C. La Forge, Charles K.

receiving the fax, Sinclair filed a Complaint in the United States District Court for the District of Wyoming, raising contract interpretation issues along with a claim of bad faith denial of coverage and a request for damages. The two complaints were filed approximately 66 minutes apart.

*Motion to Dismiss*

■ By this motion, Sinclair asks the Court to use its discretion and decline to exercise jurisdiction under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202 (1982). Section 2201 provides: "(a) In a case of actual controversy ... any court of the United States ... *may* declare the rights and other legal relations of any interested party seeking such declaration...." (emphasis added). It is well settled that the foregoing language allows a court to decline to exercise jurisdiction to hear a declaratory judgment action. *Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 494–495, 62 S.Ct. 1173, 1175–1176, 86 L.Ed. 1620 (1942); *Tempco Elec. Heater Corp. v. Omega Eng'g, Inc.*, 819 F.2d 746, 747 (7th Cir.1987); *Ohio Casualty Co. v. Jackson County Bank*, 562 F.Supp. 1165, 1167–69 (W.D.Wis.1983).

■ The Sixth Circuit has itemized the factors a court ought to consider when evaluating whether to allow a declaratory judgment action to proceed:

(1) whether the declaratory action would settle the controversy; (2) whether the declaratory action would serve a useful purpose in clarifying the legal relations in issue; (3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race for res judicata"; (4) whether the use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and (5)

whether there is an alternative remedy which is better or more effective.

*Grand Truck W.R.R. v. Consolidated Rail Corp.*, 746 F.2d 323, 326 (6th Cir.1984); *see also* 10A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2759 (1983).

The factors which are particularly relevant to the instant dispute are plaintiff's use of the declaratory action as a tool for forum shopping and the availability of a more effective alternative. The Court will address these factors in the context of Republic's argument in favor of allowing the action to proceed. Republic claims that this declaratory action should proceed in Utah because: (1) this case presents an actual controversy; (2) Republic was the first to file; and (3) Sinclair would not be overly inconvenienced by being forced to defend the action here.[1]

*1. Existence of Actual Controversy*

■ The fact that the dispute between the parties has risen to the level of an actual controversy does not deprive the Court of the discretion to determine whether to entertain this declaratory judgment action. *International Harvester Co. v. Deere & Co.*, 623 F.2d 1207, 1217 (7th Cir. 1980) (declaratory judgment jurisdiction discretionary despite fact that justiciable controversy exists).

*2. "First to File" Rule*

■ Republic makes much of the fact that it was the first to file—beating Sinclair to the courthouse steps by a mere 66 minutes. On that basis Republic asks the Court not to disturb its choice of forum. Courts have demonstrated reluctance to entertain declaratory judgment actions which have been filed in anticipation of another lawsuit and in an attempt to forum shop.

---

1. Republic did not respond to Sinclair's motion to dismiss in its brief, but focused instead on the motion to transfer. The primary thrust of plaintiff's argument resisting transfer was that Republic was the first to file and that Sinclair would not be inconvenienced by being forced to defend this action in Utah. Although these arguments were not made in response to the motion to dismiss, the Court, in an effort to be thorough, will address the "first to file" and convenience issues in the context of the motion to dismiss. At oral argument, Republic's only challenges to the motion to dismiss were: (1) that the Court should allow the action to proceed because it is an actual controversy; and (2) that the cases cited by Sinclair are distinguishable from the case at bar.

*Tempco Elec. Heater Corp. v. Omega Engineering,* 819 F.2d 746 (7th Cir.1987); *Ven–Fuel, Inc. v. Department of the Treasury,* 673 F.2d 1194, 1195 (11th Cir.1982).

In *Tempco,* the Seventh Circuit affirmed the district court's decision not to entertain a declaratory judgment action which had been filed four days before Omega—the defendant in the declaratory judgment action—filed a patent infringement action in another jurisdiction. The district court dismissed the declaratory judgment action, allowing the later filed action to proceed. The court pointed out that it was not governed by a rigid "first to file" rule and the presumption generally accorded a first filed action was not appropriate when the declaratory judgment action was filed in anticipation of another lawsuit:

> Although a 'first to file' rule would have the virtue of certainty and ease of application, thus eliminating some of the waste referred to ..., the cost—a rule which will encourage an unseemly race to the courthouse and, quite likely, numerous unnecessary suits—is simply too high.

*Id.* at 750.

The Court agrees that, despite the presumption usually given the party who files first, the decision at bar "cannot turn on so mechanical a rule." Wright, Miller & Kane, *supra,* § 2758 at 637. Justice Brennan's caution that "[t]he federal declaratory judgment is not a prize to the winner of a race to the courthouses" is particularly apropos. *Perez v. Ledesma,* 401 U.S. 82, 119 n. 12, 91 S.Ct. 674, 694 n. 12, 27 L.Ed.2d 701 (1971) (Brennan, J., dissenting).

Sinclair believed that Republic was still evaluating whether or not it would provide coverage when Republic, prior to communicating its intention to deny coverage to Sinclair, filed this lawsuit. The Court will not adopt a rule which would, in effect, require an insured to anticipate denial of coverage and file a lawsuit before the parties have an opportunity to finally resolve their differences without resorting to litigation. The United States District Court for the Western District of New York, in an unpublished opinion, perhaps characterized this race to the courthouse best when it stated, "[the insurer], by filing its suit before informing [the insured] of its decision to deny the claim, broke the tape before [the insured] was able even to settle itself into the starting blocks." *Houston General Ins. Co. v. Equitable Life Assurance Soc. of the U.S.,* No. Civ–88–732E, 1989 WL 13473, at 3 (W.D.N.Y. Feb. 15, 1989).[2]

In *Houston General,* the plaintiff-insurer filed a declaratory judgment action seeking clarification of its obligations under four insurance policies with regard to Equitable's claim for coverage for waste-oil contamination of property located in New Jersey. Two months later Equitable filed a lawsuit against Houston and another insurer in the United States District Court for the District of New Jersey seeking a determination that coverage was available under the policies along with reimbursement for certain expenditures. Equitable then moved for dismissal or stay of the New York action in favor of the more comprehensive New Jersey action. The court, while acknowledging that it had jurisdiction, declined to give any weight to plaintiff's choice of forum, concluding that the lawsuit had been filed "only in anticipation of Equitable's suit and in order to obtain the benefit of the more favorable New York law on the issue of late notice of claim." The court then concluded that it would be more convenient to allow the litigation to proceed in New Jersey "where a more comprehensive action at law [was] filed."

This Court likewise declines to give any weight to Republic's choice of forum. The facts of this case permit no other conclu-

---

**2.** The local rules preclude the Court from relying on an unpublished decision of another court as precedent for the Court's decision. D.Ut. 202(b)(5). At bar, both parties had access to the *Houston* opinion and considered it significant enough to address in oral argument. Moreover, it would be difficult to find a case more strikingly similar to the case at bar than *Houston.* For those reasons the Court, while not relying on *Houston* as precedent, concludes that some discussion of *Houston* is warranted.

sion than that Republic anticipated Sinclair would challenge its denial of coverage in court and moved to pre-empt such a challenge by filing this lawsuit prior to denying coverage. The Tenth Circuit has expressed disdain for the use of the declaratory judgment action "as yet another weapon in a game of procedural warfare." *Hospah Coal Co. v. Chaco Energy Co.*, 673 F.2d 1161, 1164–65 (10th Cir.1982), *cert. denied*, 456 U.S. 1007, 102 S.Ct. 2299, 73 L.Ed.2d 1302 (1982) (citing *Kerotest Manufacturing Co. v. C–O–Two Fire Equipment Co.*, 342 U.S. 180, 72 S.Ct. 219, 96 L.Ed. 200 (1952)). Republic cannot now claim the victory in this race to the courthouse after insuring it would run the race alone.

### 3. *Convenience Factors*

██ In connection with the motion to transfer, the parties discussed and the Court considered many factors relevant to the convenience of allowing the litigation to proceed in Utah as opposed to Wyoming. Those same factors are relevant to the Court's decision in determining whether to allow the declaratory judgment action to proceed.[3]

Sinclair claims that its primary place of business is in Wyoming. All of the documents relevant to this lawsuit are in Wyoming so as to be available for related litigation, including the action filed by Sinclair against Republic in Wyoming. Sinclair also suggests that if a need arises to view the site of the pollution, it would be more convenient for the parties to be in Wyoming.

Republic counters that Sinclair's primary place of business is in Utah, that doc-uments are easily transferable, and that a view of the site of contamination will not be necessary.

The Court has reviewed conflicting documentation and is satisfied that the evidence clearly establishes Wyoming as Sinclair's primary place of business. It does appear, however, that Sinclair is actually headquartered in Utah.[4] As for document availability, any documentation is clearly accessible from Utah, but due to substantially similar litigation which is ongoing in Wyoming, it appears there would be some convenience associated with eliminating the need to transfer documents to Utah. Finally, the Court cannot determine whether a view of the site will be necessary, but considers such a determination unnecessary as every other factor favors dismissal.

The last consideration relative to convenience is that of witnesses who may be called upon to testify in this action. Sinclair suggests that Wyoming is much more convenient because a great majority of the witnesses are located in Wyoming. Republic's denial of coverage evidently turns on some factual issues which may require testimony of witnesses to the pollution, workers at the facilities, etc. The majority of the witnesses identified by Sinclair reside in Wyoming.

Republic counters that many of the witnesses are Sinclair employees and therefore Sinclair, as the employer, can require its employees to travel to Utah as witnesses. Republic also states that testimony of directors, officers and other Sinclair employees who reside in Utah may be necessary. Republic also contends that because

---

3. Although the Court may examine convenience to the parties and witnesses in the context of a motion to dismiss as well as a motion to transfer, the Court would point out that the burden on the party claiming inconvenience varies depending on the motion. While the Court is permitted the exercise of discretion in connection with the motion to dismiss, the Court cannot transfer an action unless it is satisfied that the defendant has met a heavy burden requiring it to show that the inconvenience to the defendant outweighs "plaintiff's interest in its choice of forum." *Continental Graphics Div. of Republic Corp. v. Hiller Indus., Inc.*, 614 F.Supp. 1125, 1131 (D.Utah 1985).

4. Here again is a similarity to *Houston General.* Houston General filed the declaratory judgment action in New York where Equitable was incorporated and conducted most of its business. The court concluded that, despite Equitable's connections with the state, New York was a "conspicuously inconvenient forum". Republic attempts to distinguish *Houston General*, claiming that there had been no logical reason for the insurer to bring that action in New York. Houston's reason for filing in New York, however, appears to be no less logical than Republic's decision to file in Utah.

the issue in this lawsuit is one of contract interpretation the lawsuit may be resolved by summary judgment thus eliminating the need for witness testimony. Finally Republic states that with the ease of travel afforded by planes and the like, the convenience of the witnesses should not be given undue weight. If travel is inconvenient, Republic suggests that testimony may be offered in the form of deposition or videotape. Notably, Republic never suggests that it would be inconvenienced by litigating this matter in Wyoming.

Although this lawsuit embodies issues of contract interpretation occasionally resolved on summary judgment, it appears that the policy cannot be interpreted without addressing fact-sensitive issues concerning "property damage", "personal injury" and "occurrence". The majority of the fact witnesses reside in Wyoming. While travel by an individual witness from Wyoming to Utah may be relatively convenient, it would certainly not be convenient to require travel by the overwhelming majority of witnesses from Wyoming to Utah. *See Manu Int'l, S.A. v. Avon Pro., Inc.,* 641 F.2d 62, 66 (2d Cir.1981) ("[I]t will surely be less expensive to bring some mohammeds to the mountain than to proceed the other way around."). Clearly the consideration for convenience of the parties and witnesses establish that the more effective and efficient solution is to dismiss this action so that the more comprehensive Wyoming action may proceed.

The Court's decision to dismiss would also facilitate resolution of all facets of the parties' dispute. *Grand Truck Western Railroad,* 746 F.2d at 326. This declaratory judgment action alone is insufficient to settle the controversy as issues of bad faith denial of benefits and damages would remain. The inability of this Court to fully resolve the parties' dispute requires the Court to stay its hand and decline to exercise jurisdiction.

Accordingly, defendant Sinclair's Motion to Dismiss is granted. It is so ORDERED.