STRANGER CREEK and Joseph R. Tomelleri, Plaintiffs,

v.

DAKOTAH, INC., Defendant.

Civil Action No. 97–2669–EEO.

United States District Court, D. Kansas.

Oct. 28, 1998.

Bernard J. Rhodes, Michael S. Dodig, Lathrop & Gage L.C., Kansas City, MO, for Stranger Creek, Joseph R Tomelleri, plaintiffs.

Barry E. Warren, Wallace, Saunders, Austin, Brown & Enochs, Chartered, Overland Park, for Dakotah, Inc., defendants.

## MEMORANDUM AND ORDER

EARL E. O'CONNOR, District Judge.

This matter is before the court on defendant's motion to dismiss (Doc. # 3), which will be construed as a motion to transfer pursuant to 28 U.S.C. § 1404(a). After careful consideration of the parties' briefs, the court is prepared to rule. For the reasons set forth below, the court will grant defendant's motion.

### Factual Background

Plaintiff Joseph R. Tomelleri is an illustrator who creates drawings of fish from live specimens. In 1991, Mr. Tomelleri obtained a federal copyright registration from the United States Copyright Office for certain drawings he had made of several types of fish. Mr. Tomelleri has licensed plaintiff Stranger Creek to use his copyrighted illustrations on decorated textiles.

Defendant Dakotah, Inc. ("Dakotah") is a South Dakota corporation which manufactures and sells, among other things, decorative pillows. Mr. Tomelleri and Stranger Creek allege in the instant action that certain of Dakotah's fish pillows contain illegal copies of Mr. Tomelleri's copyrighted illustrations.

The parties attempted to settle their dispute for several months. Finally, on December 19, 1997, Dakotah filed a declaratory judgment action against Mr. Tomelleri and Stranger Creek in the United States District Court for the District of South Dakota, Northern Division (the "South Dakota lawsuit"). On December 24, 1997, Mr. Tomelleri and Stranger Creek filed the instant action against Dakotah. The two actions essentially involve identical issues. Plaintiffs moved to dismiss the South Dakota lawsuit on the basis that they are not subject to personal jurisdiction in South Dakota and that the first-filed rule does not apply. On March 18, 1998, Dakotah voluntarily dismissed Stranger Creek from the South Dakota lawsuit. On July 1, 1998, this court deferred ruling on defendant's motion to dismiss pending resolution of the similar motion filed by Stranger Creek and Mr. Tomelleri in the South Dakota lawsuit. On September 30, 1998, Judge Charles B. Kornmann of the United States District Court for the District of South Dakota, Northern Division, issued an order denying Tomelleri's motion to dismiss. See Dakotah, Inc. v. Tomelleri, 21 F.Supp.2d 1066, 1075 (D.S.D.1998). Judge Kornmann held, in part, that venue was proper in the District of South Dakota and that the declaratory judgment action could proceed in that district based on the first-filed rule. See id. at 1073–75. Judge Kornmann declined, however, to enjoin Tomelleri from proceeding in the instant copyright infringement action. See id. at 1073–74.

### Analysis

Defendant's motion to dismiss is based primarily on the applicability of the first-filed rule, i.e., the general rule that the first-filed suit should be given priority over subsequently filed suits concerning the same dispute. See, e.g., Orthmann v. Apple River Campground, Inc., 765 F.2d 119, 121 (8th Cir.1985); West Gulf Maritime Ass'n v. ILA Deep Sea Local 24, 751 F.2d 721, 729 (5th Cir.1985); Heatron, Inc. v. Shackelford, 898 F.Supp. 1491, 1494 (D.Kan.1995); see also Hospah Coal Co. v. Chaco Energy Co., 673 F.2d 1161, 1163 (10th Cir.), cert. denied, 456 U.S. 1007, 102 S.Ct. 2299, 73 L.Ed.2d 1302 (1982) (recognizing general rule that "when two courts have concurrent jurisdiction, the first court in which jurisdiction attaches has priority to consider the case"). As explained above, Judge Kornmann applied the first-filed rule in the South Dakota lawsuit and concluded that Dakotah's declaratory judgment action could go forward. See Dakotah, 21 F.Supp.2d at 1073–75. Accordingly, we are faced with a situation where there are pending cases in South Dakota and Kansas which are essentially identical except Stranger Creek is no longer named in the South Dakota lawsuit. We note that Judge Kornmann found that Stranger Creek is not a necessary party in the South Dakota lawsuit. See id. at 1075.

] In the case of pending lawsuits involving identical issues, the court ordinarily

would dismiss the second filed action (the instant action) and allow the first action only to proceed. The presence of Stranger Creek in only one of the lawsuits, however, cautions the court not to follow this course. Rather, given that the principal parties and witnesses involved in the instant action will be before the United States District Court for the District of South Dakota in a nearly identical case, the court will construe defendant's motion to dismiss as a motion to transfer and transfer the instant action to the District of South Dakota. *See* 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."). The court finds that such a transfer would best serve the interests of justice and comity and would be convenient to the parties and witnesses by avoiding duplicative litigation.

IT IS THEREFORE ORDERED that defendant's motion to dismiss (Doc. # 3), which is construed as a motion to transfer pursuant to 28 U.S.C. § 1404(a), is granted. This action is hereby transferred to the United States District Court for the District of South Dakota, Northern Division.