**UNITED STATES COURT OF APPEALS**
**Tenth Circuit**
**Byron White United States Courthouse**
**1823 Stout Street**
**Denver, Colorado 80294**
**(303) 844-3157**

Patrick J.  Fisher, Jr.                                                                                        Elisabeth A. Shumaker
    Clerk                                                                                                        Chief Deputy Clerk

September 10, 1999

**TO:**   ALL RECIPIENTS OF THE ORDER AND JUDGMENT

**RE:**   98-4098, *Buzas Baseball v. Board of Regents*
          Filed on September 2, 1999

The order and judgment filed in this matter contains two clerical errors on page 5, the sentence which begins on line 5.  The corrected sentence should read as follows:

Plaintiff further asserts it had notified defendant in November 1997 that it needed a decision before the team owner went to the winter meeting in December, but it did not receive the proposal until February 1998.

A copy of the corrected order and judgment is attached.

Sincerely,

Patrick Fisher, Clerk of Court

By:   Keith Nelson
      Deputy Clerk

encl.

**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 2 1999**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

BUZAS BASEBALL, INC., a Utah
corporation,

Plaintiff-Appellant,

v.

THE BOARD OF REGENTS OF
THE UNIVERSITY SYSTEM OF
GEORGIA,

Defendant-Appellee.

No. 98-4098
(D.C. No. 98-CV-181)
(D. Utah)

---

ORDER AND JUDGMENT  *

---

Before **BALDOCK** , **BARRETT** , and **McKAY** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

this appeal.   See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

Plaintiff Buzas Baseball, Inc., a Utah corporation, appeals from an order of the district court dismissing this declaratory judgment action without prejudice. We affirm.

Buzas Baseball operates the Salt Lake Buzz, a minor league Triple A baseball team which has a bee as its logo.  The team was organized in 1993 and began using the name and logos at that time for both merchandising and promotional purposes.

Defendant, doing business as the Georgia Institute of Technology, uses a Yellow Jacket named "Buzz" as its mascot.  Defendant obtained a trademark for the Yellow Jacket design in 1987 and registered the mark "Buzz" in 1988. Defendant uses its marks for merchandising and promotional purposes.

Defendant learned plaintiff was using the Buzz logo in 1997 at an annual sports merchandising show held in Atlanta where plaintiff's merchandise was displayed.  Defendant later discovered that a retailer in Atlanta also sold plaintiff's merchandise and that the retailer believed consumers confused plaintiff's logo with defendant's mark.  Defendant notified the governing body for minor league baseball teams that it objected to plaintiff's use of the Buzz logo.

The assistant general manager for the Buzz and defendant's counsel entered into discussions and, at one point, agreed that plaintiff would discontinue using Buzz as its name and logo after September 4, 1998, the end of the 1998 season. Various Salt Lake City media reports also indicated that plaintiff would discontinue using the logo and that the team owner was leaning towards renaming the team the "Beezz."

In February 1998, defendant sent plaintiff a written settlement agreement. Thereafter, defendant became aware that the Salt Lake City media was reporting that plaintiff would not discontinue use of the "Buzz." Plaintiff never directly informed defendant of that fact. Eleven days after receiving the written settlement proposal, plaintiff commenced this action. Approximately three weeks later, defendant filed a trademark infringement action in Georgia federal district court. The Utah district court granted defendant's motion to dismiss.

On appeal, plaintiff argues that the district court erred in determining that plaintiff was not entitled to application of the first-to-file rule and an order staying the Georgia action. Plaintiff also contends the district court erred in declining to exercise jurisdiction over this action solely because of an extant, later-filed lawsuit which addressed the same issue of trademark infringement.

We review a district court's decision whether to grant a defendant's motion to dismiss a declaratory judgment action for abuse of discretion. See Wilton v. Seven Falls Co., 515 U.S. 277, 289-90 (1995).

In deciding whether to dismiss a declaratory judgment action, we have noted that the district court should consider

> [1] whether a declaratory action would settle the controversy; [2] whether it would serve a useful purpose in clarifying the legal relations at issue; [3] whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race to *res judicata*"; [4] whether use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and [5] whether there is an alternative remedy which is better or more effective.

State Farm Fire & Cas. Co. v. Mhoon, 31 F.3d 979, 983 (10th Cir. 1994) (quotation omitted).

On appeal we do not engage in a de novo review of these factors, but rather we ask only whether the district court's assessment of them "was so unsatisfactory as to amount to an abuse of discretion." Id.

The district court found that the parties were evenly matched as to all the factors except number three. The court determined that plaintiff had filed this action in anticipation of the Georgia lawsuit. The court noted that the parties had been involved in settlement negotiations "[a]lmost from the beginning of the controversy" and plaintiff had received a proposed settlement agreement only

-4-

eleven days before it commenced this action.  District court order at 3.  Further, plaintiff never informed defendant that the proposal was unacceptable.

Plaintiff contends it was forced to file the action because no settlement had been agreed to and, as the new baseball season was about to start, it needed to determine whether it could continue to use its logo.  Plaintiff further asserts it had notified defendant in November 1997 that it needed a decision before the team owner went to the winter meeting in December, but it did not receive the proposal until February 1998.  The court found that plaintiff had not informed defendant that any delay would be unacceptable.  We further note that under the terms of the proposed settlement, defendant agreed that plaintiff could use the logo throughout the 1998 season.  Thus, any need to avoid delay would not have been obvious to defendant.

Plaintiff asserts it had reason to believe defendant would soon be filing suit thus forcing it to forfeit its 1998 season.  "[A] federal declaratory judgment is not a prize to the winner of the race to a courthouse" but rather obviates the need for a race to the courthouse.    Perez v. Ledesma  , 401 U.S. 82, 119 n.12 (1971) (Brennan, J., concurring in part and dissenting in part)      .  In addition, plaintiff's assertion is belied by defendant's submission of a proposed settlement.

Plaintiff maintains that the first-to-file rule mandates that the district court retain this case.   Federal courts have recognized that, as courts of coordinate

jurisdiction and equal rank, they must be careful to avoid interfering with each other's affairs in order "to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result." Sutter Corp. v. P&P Indus., Inc., 125 F.3d 914, 917 (5th Cir. 1997) (quotation omitted). To aid in achieving this goal, the "first-to-file" rule permits a district court to decline jurisdiction where a complaint raising the same issues against the same parties has previously been filed in another district court. Alltrade, Inc. v. Uniweld Prods., Inc., 946 F.2d 622, 625 (9th Cir. 1991). However, "simply because a court is the first to obtain jurisdiction does not necessarily mean that it should decide the *merits* of the case." Hospah Coal Co. v. Chaco Energy Co., 673 F.2d 1161, 1164 (10th Cir. 1982). We review the district court's decision whether to rely on the first-to-file rule only for abuse of discretion. Alltrade, 946 F.2d at 625.

A district court may decline to follow the first-to-file rule and dismiss a declaratory judgment action if that action was filed for the purpose of anticipating a trial of the same issues in a court of coordinate jurisdiction. See Tempco Elec. Heater Corp. v. Omega Eng'g, Inc., 819 F.2d 746, 749 (7th Cir. 1987) (where declaratory judgment action is filed in anticipation of trademark infringement action, "infringement action should proceed, even if filed" after the declaratory judgment action); Amerada Petroleum Corp. v. Marshall, 381 F.2d 661, 663

(5th Cir. 1967). Here, plaintiff has admitted that one consideration in filing this action was its concern that defendant would file suit. See Appellant's Br. at 5-6; Reply Br. at 1. This consideration, combined with defendant's prior agreement that plaintiff could continue to use its logo throughout the 1998 season, supports our determination that the district court's assessment did not amount to an abuse of discretion.

Upon review of the record, we cannot say that the district court abused its discretion in assessing the relevant factors or in concluding that plaintiff filed this declaratory judgment action in anticipation of a filing in Georgia. The judgment of the United States District Court for the District of Utah is AFFIRMED.

The decision of the Georgia court regarding whether to certify its decision that it has personal jurisdiction over plaintiff is immaterial to our determination of the propriety of the Utah district court's exercise of discretion. Therefore, defendant's motion to supplement the record is DENIED.

Entered for the Court


Monroe G. McKay
Circuit Judge
